IN THE MATTER OF FREDERIC C. RITGER, JR.,
AN ATTORNEY AT LAW, RESPONDENT.

Argued April 3, 1979—Decided May 24, 1979.

(1)

*Ms. Colette Coolbaugh* argued the cause for the Disciplinary Review Board.

*Mr. S. M. Chris Franzblau* argued the cause for respondent (*Messrs. Franzblau & Falkin,* attorneys).

PER CURIAM. This is a disciplinary proceeding against respondent, a New Jersey attorney since 1950, based upon two interrelated complaints.

The first complaint involves the misappropriation of a client's funds. In 1968 respondent was retained by the Keas-

bey Real Estate Association (Keasbey) to manage a valuable property it owned in Newark, New Jersey. His duties consisted of overseeing the operation of the property, collecting rents, and paying the real estate taxes and other operating expenses. He was given full control over Keasbey's bank account relating to the property in question. In 1974, respondent diverted $34,000 from this account for his personal use. In addition, he failed to pay the real estate taxes due on the property and concealed that fact from Keasbey.

The second complaint involves misconduct which occurred in 1976 when a suit seeking to recover $40,000 was instituted by the First Presbyterian Church in Newark against respondent, Keasbey, Alan McDonald and the Sun National Bank of Florida. Without prior authorization, respondent accepted service of the complaint on behalf of McDonald and the Sun National Bank. Again, without authorization, respondent agreed with plaintiff to the entry of judgment against Keasbey and himself individually. In an attempt to conceal his wrongful actions, he falsely testified by deposition that he had been authorized to agree to a consent judgment against Keasbey and to accept service of the complaint for McDonald and Sun National Bank.

When these disciplinary charges were instituted, respondent cooperated fully with the Essex County Ethics Committee. He admitted violating DR1–102(A)(4), (5) and (6); DR5–106(A), and DR7–102(A)(3) and (5) of the Code of Professional Responsibility. He has since made full restitution with interest for the monies diverted.

No useful purpose would be served in detailing the reasons given by respondent for his improper conduct. Suffice it to say, he possesses sufficient legal ability and common sense to have realized the consequences of his wrongdoing. It is clear that his problems commenced when he suffered a heart attack during a trial in 1970. As the result of an extended illness and his consequent inability to manage his personal finances, he became financially strapped. He was in great fear of losing his law practice and his home. He misap-

propriated his client's funds intending to replace them with legal fees which never materialized.

The extent of discipline to be imposed is always troublesome. We are required to consider respondent's record and reputation balanced against his improper conduct. The primary object in disciplining an attorney is not the punishment of the offender. Rather, its basic purpose is to protect the public against attorneys who cannot, or refuse to, abide by the high standards required of all attorneys. *In re Stout,* 75 *N. J.* 321, 325 (1978). In assessing the gravity of the dereliction, we must also be mindful of the harm to clients and the public resulting from the attorney's particular acts. Where the harm or loss is a continuing one, that has gone unredressed and the attorney has not made amends or shown an attitude of contrition, this is a circumstance which may justify severe sanctions. The failure to reimburse the wronged parties is such a factor. Compare *In re Beckmann,* 79 *N. J.* 402 (1979) with *In re Stout, supra.*

We take cognizance of the circumstances which mitigate against the imposition of a more severe penalty than this case might otherwise warrant. In 1950, following respondent's honorable service in the armed forces of the United States, he was admitted to the bar of this State. He served with distinction as an Assistant United States Attorney for about four years. Other than the instant charges, he bore an unblemished record and had no prior ethical involvements. He has the reputation among his peers of being a conscientious worker, a legal scholar and a trial lawyer who has proven his ability in many important trials. As previously noted, he has made full restitution. Finally, we were advised at oral argument that respondent is giving up his private practice and, if not disbarred, will limit his legal activity to working with and under the supervision of other attorneys.

Under the circumstances, we conclude that an appropriate discipline is to suspend respondent from the practice of law for a period of two years and until the further order of this court. This is being done upon the condition

that if respondent is reinstated following his suspension, he will not enter the practice of law as a sole practitioner, but will limit his legal activity to working in partnership with, or for and under the supervision of, other attorneys. In addition, respondent shall reimburse the Administrative Office of the Courts for the disbursements incurred for stenographic transcripts of the disciplinary proceedings. So ordered.

*For suspension*—Chief Justice HUGHES, Justices MOUNTAIN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge HALPERN—7.

*Opposed*—None.

## ORDER

It is ORDERED that FREDERIC C. RITGER, JR. of South Orange be suspended from the practice of law for two years and until the further order of the Court, effective June 11, 1979; and it is further

ORDERED that FREDERIC C. RITGER, JR. be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.