**No. 80SA142**

**The People of the State of Colorado v. Anthony W. Lanza**

(613 P.2d 337)

Decided July 14, 1980.

Linda Donnelly, Disciplinary Prosecutor, for complainant.

No appearance for attorney-respondent.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Two formal complaints were filed by the Attorney General of the State of Colorado, charging the respondent, Anthony W. Lanza, with un-professional conduct in violation of the Code of Professional

Responsibility.

Respondent failed to answer the charges against him and, although he was served with notice of the formal hearing, he failed to appear, either in person or by attorney, to defend the accusations against him.

The hearing was held on December 10, 1979, and three witnesses testified in support of the allegations of the two complaints. Twelve documentary exhibits were admitted into evidence. After consideration, the hearing panel made the following findings of fact and conclusions.

Respondent was licensed to practice law in the state of Colorado on October 3, 1969. Prior to these proceedings he had been suspended from the practice of law for failure to pay the annual registration fee.

■ The first formal complaint involved respondent's representation of a widow in her early seventies. She was obviously indigent and somewhat enfeebled. Her grasp of the English language was poor. She had succeeded to an interest in real property, as the sole heir at law of her deceased brother, and she desired to convey her property to herself and a son in joint tenancy, in order to avoid the necessity of an estate proceeding on her death.

Some time in 1976, the respondent undertook this service and received from his client the original deeds to the property involved. The respondent neglected to perform the services undertaken by him, although the client inquired numerous times at respondent's office concerning the preparation of the joint tenancy deeds.

Unable to obtain help from the respondent, the client sought assistance from the Colorado Rural Legal Services in Durango. Two letters were directed to respondent on April 29 and June 20, 1977, asking for the return of the client's original deeds. Both letters went unanswered. Up to the time of the hearing, the respondent had not returned the original deeds, nor did he ever prepare the joint tenancy deeds requested.

The hearing panel found that respondent's failure to perform the routine services undertaken by him became a somewhat more aggravated breach of responsibility to his client by reason of the following factors: his client was old and indigent; she was concerned about the prospect of an early death; she was hospitalized and nearly died; the time necessary to complete the work would have been minimal; a real urgency existed to complete the services undertaken; and, finally, the client was compelled to seek assistance of the Colorado Rural Legal Services.

The hearing panel concluded that the respondent was grossly and inexcusably derelict in the performance of his duty to his client.

The second formal complaint involved a dissolution of marriage proceeding. Respondent's client paid him a total of $1,700 for services to be rendered in this proceeding, which involved a contest over the custody of a child.

A court hearing on a motion for temporary custody had to be rescheduled because respondent failed to advise his client of the hearing date. Throughout the handling of the dissolution case, the client was unable to contact the respondent, who had moved his office on three occasions without informing the client of his new locations. Respondent refused to return telephone calls and failed to keep the client informed of the progress of the case. The client testified that respondent had not performed the investigation work in connection with the custodial problem and had not discharged adequately the responsibility undertaken by him.

The hearing panel concluded that respondent's conduct in the handling of the dissolution case demonstrated a general inattention and lack of concern for his client's welfare.

Further, the hearing panel also found that the respondent's failure to respond to the charges against him, to file any kind of pleading or response in this grievance proceeding, and to appear at the hearing after actual notice thereof, all indicate that respondent is totally unconcerned about his professional responsibility and that, in effect, he has abandoned his profession.

The hearing panel concluded that respondent's conduct was violative of C.R.C.P. 241(B)(1), (2), and (5), and that it specifically violated DR 1-102(A)(6), DR 2-110(A)(2), DR 6-101(A)(2) and (3), and DR 9-102(B)(4) of the Code of Professional Responsibility.

Because of the foregoing violations and the respondent's complete indifference to these grievance proceedings, the hearing panel recommended that respondent be indefinitely suspended from the practice of law, and that he not be permitted to apply for reinstatement for a period of one year.

The grievance committee approved the findings of the fact and conclusions of the hearing panel. In our view, the record supports the findings and conclusions by undisputed, clear, and convincing evidence, and we agree with the disciplinary recommendation of the committee.

It is not necessary to comment beyond the recitation of the facts concerning respondent's demonstrated professional irresponsibility other than to observe that respondent's derelictions tend to foster public contempt for and bring dishonor upon the legal profession.

It is the order and judgment of the court that the respondent, Anthony W. Lanza, be suspended indefinitely from the practice of law and that he shall not be permitted to apply for reinstatement for a period of at least one year, and then only upon a demonstration to the grievance committee that he has rehabilitated himself and has been found worthy to reenter into the practice of law.

It is further ordered that the costs of this proceeding in the sum of $877.10 shall be paid to the Clerk of this court within ninety days from the date hereof.

SO ORDERED this 14th day of July 1980.