The PEOPLE of the State of Colorado, Complainant,

v.

Carl W. GELLENTHIEN, Attorney–Respondent.

No. 80SA277.

Supreme Court of Colorado, En Banc.

Jan. 12, 1981.

Linda Donnelly, Denver, for complainant.

Darol C. Biddle, Pueblo, for attorney–respondent.

Hodges, Chief Justice.

Mr. Gellenthien, you stand before the Supreme Court of Colorado to be publicly censured for violating your oath as an attorney.

A formal complaint was filed before the Supreme Court Grievance Committee charging you with violating Rule 241(B) of the Colorado Supreme Court Rules Concerning the Discipline of Attorneys. The complaint alleged that you failed and refused to refund unearned portions of fees collected from two clients. A hearing was held before the Grievance Committee at which you appeared in person and by your counsel. As a result, the Grievance Committee found that the following facts, which are briefly summarized, were established by clear and convincing evidence.

You were employed by two clients to defend them on felony charges and you collected from each a fixed fee of $1500 to bring their cases to termination. You assisted in obtaining their release on bond and you filed a number of motions and short memorandum briefs in support of some of these motions. You also made arrangements for a polygraph examination of your clients and of the complaining witness and you represented your clients at a preliminary hearing.

---

Several weeks prior to the date of the polygraph examinations, your clients learned that you had been hospitalized on short notice. They were able, through an attorney who rented office space from you, to make arrangements with another attorney to act as substitute counsel for you. Both of your clients testified that you did not communicate with them in any manner from the time of your hospitalization until after the completion of the cases against them.

The substitute counsel attended the polygraph examinations which lasted approximately one and one-half days. Thereafter, substitute counsel negotiated plea bargains with the district attorney and effected a termination of both cases upon a plea of guilty to the lesser offense of sexual assault in the third degree, a class one misdemeanor. Substitute counsel devoted considerable work and time in the representation of these clients and accomplished the settlement of both cases without any contribution whatsoever from you. Upon completion of the cases, the substitute counsel rendered statements in the amount of $557.52 for services rendered to each of these clients. Both clients went to your office and conferred with you concerning the payment of these bills. They testified that you agreed to pay them.

Although the cases were completed in May 1978 by substitute counsel, you have since failed and refused to pay these bills. The clients have contacted you several times in an effort to either have you pay the bills, or make refund to them so that they could pay substitute counsel. Substitute counsel made efforts to communicate with you regarding this matter, but his phone calls were never returned by you. When one of the clients received a letter from substitute counsel threatening to sue for his fees, the client contacted you and you told him you "would work something out." Also, on one occasion, you told one of the clients that you had paid the bills.

The fact is that as collection attempts intensified, you adopted various positions and excuses. Although initially you ac-knowledged the bills as your obligation and assured your clients of payment, you later told the clients that the bills were too high, and on at least one occasion, you also told them you had paid substitute counsel. As of the date of the hearing before the Grievance Committee, you still had failed and refused to meet your obligation to pay these fees, and as far as we are advised, you have not made any effort to pay substitute counsel as of this date.

Your inaction toward resolving this fee issue with your clients, together with your indifferent and cavalier approach to a matter of significant, financial, emotional, and legal import to your clients, demonstrates a clear violation of the accepted rules and standards of legal ethics, and an inexcusable violation of the highest standards of honesty, justice, and morality which must be adhered to by the legal profession.

You are therefore publicly censured for your conduct in this matter which not only is in violation of Rule 241(B) of the Rules Concerning Discipline of Attorneys but also, DR9–102 and DR2–110 of the Code of Professional Responsibility.

It is further ordered that you pay within thirty (30) days of this date to the substitute attorney on behalf of the two clients, the sum of $1,155.04 plus interest at the statutory rate from June 17, 1977 until the date of payment. The costs incurred in this proceeding amount to $725.45 and you are ordered to pay this amount to the Clerk of the Supreme Court within sixty (60) days of this date.