**PEOPLE of the State of Colorado,
Complainant,**

v.

**Carl W. GELLENTHIEN,
Attorney-Respondent.**

**No. 81SA198.**

Supreme Court of Colorado,
En Banc.

Dec. 28, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Laurence A. Ardell, Pueblo, for attorney-respondent.

HODGES, Chief Justice.

After hearing on a formal complaint filed by a former client of respondent-attorney Carl W. Gellenthien, the Grievance Committee of the Supreme Court concluded that

the evidence before it clearly and convincingly established a violation of the Code of Professional Responsibility, C.R.C.P. 241(B)(1). The Grievance Committee recommended that respondent-attorney's license to practice law be suspended. We agree with this recommendation and set the period of suspension at sixty (60) days.

On the basis of the testimony of witnesses and documentary evidence presented at the hearing, it was found that respondent-attorney was retained in March 1975 to represent the complainant in a dispute with an auto dealer regarding a defective truck the complainant had purchased. It was agreed that respondent-attorney would represent the complainant on a contingent fee basis; however, a small retainer fee was also paid to respondent-attorney.

Thereafter, several demand letters were sent to the auto dealer by respondent-attorney; however, no progress was made in resolving the dispute. The auto dealer was not located in the city where respondent-attorney practiced, and he, therefore, made an effort to engage the services of an attorney located in the city where the auto dealer was engaged in business. The other attorney, after reviewing the case, reported his unwillingness to take the case on a contingent fee basis. He returned the case filed to the respondent-attorney in March 1976. No action was taken in this matter until January 1978, when the client first informally complained to the Grievance Committee, which specifically advised respondent-attorney to act on the case. Thereafter, respondent-attorney had a meeting with the client who asked him to proceed with the case and set it for court trial. This meeting occurred in July 1978; however, it was not until May of 1979 that a court complaint was filed in this case. Respondent-attorney conceded that when finally filed, the complaint was "kind of thrown together" and "inartful." The Grievance Committee found that these characterizations of the complaint were fully supported by the record.

Finally, in January 1980, the client filed a formal complaint alleging professional misconduct of the respondent-attorney with reference to his inaction in handling this case. Thereafter, respondent-attorney withdrew from the case and a new attorney proceeded with the litigation.

This court agrees and adopts the findings of the Grievance Committee that the respondent's conduct violated the Code of Professional Responsibility, and more specifically, that this conduct is clearly violative of DR 6–101(A)(3) and DR 7–101(A)(2). The respondent-attorney not only intentionally failed to carry out a contract of employment, but was grossly negligent in handling a legal matter entrusted to him. This conduct will not be tolerated.

We note also that the respondent-attorney is the recipient in 1976 and 1978 of two letters of admonition for delay in handling legal matters entrusted to him by clients. The 1978 letter concerned the case involved here. Also, on January 12, 1981, the respondent-attorney was publicly censured for inaction and delay in resolving a fee dispute. *People v. Gellenthien*, Colo., 621 P.2d 328.

For the violations of the Code of Professional Responsibility outlined herein, and in the light of respondent's past disciplinary record, he is hereby suspended for a period of sixty (60) days from the date of this announcement. It is further ordered by this court that costs in the sum of $518 be paid by the respondent-attorney to the Clerk of the Supreme Court within sixty (60) days.