## IN THE MATTER OF DENNIS J. CARRIGAN, AN ATTORNEY AT LAW.

Argued September 28, 1982—Decided November 9, 1982.

*Colette A. Coolbaugh,* Secretary, argued the cause for complainant, Disciplinary Review Board.

*Arthur E. Ballen* argued the cause for respondent (*Ballen, Keiser & Denker,* attorneys).

PER CURIAM.

In an earlier proceeding we suspended the respondent, a member of the bar of this State, for a period of one year commencing July 9, 1979. *In the Matter of Carrigan,* 80 *N.J.* 610 (1979). The disciplinary infractions in that case grew out of respondent's knowingly permitting a non-lawyer to act as an attorney on behalf of his clients. Respondent has not yet sought reinstatement.

This proceeding involves two other matters that surfaced after the suspension became effective, but arose while respondent was engaged in the practice of law. The District IV Ethics Committee, after holding hearings on each, concluded that the respondent's conduct violated DR6–101(A)(1), DR6–101(A)(2) and DR7–101. The Disciplinary Review Board agreed and recommended that these violations coupled with his previous con-

duct examined in *In the Matter of Carrigan, supra,* called for disbarment.

One incident involved respondent's representation of Richard and Katherine McKinney in an action to recover damages arising out of an automobile accident. The respondent was unable to effectuate a satisfactory settlement with the insurance carrier. He prepared a complaint and, because the statute of limitations was about to expire, submitted the complaint to a Superior Court judge, who marked it filed. *See R.* 1:5–6(b). The complaint was returned to the respondent by mail. The respondent neglected to transmit the complaint to the Clerk of the Superior Court or to effect its service on the defendant.

When Mr. McKinney inquired about the status of his case, the respondent stated that he "was waiting for the case to be docketed." The McKinneys attempted on some 20 occasions to communicate with respondent. He never returned their telephone calls. Eventually, respondent's telephone was disconnected. Moreover, the McKinneys could not locate respondent because he had moved without advising them of his change of address. Mr. McKinney telephoned the insurance company, learned that the complaint had never been served and was advised that the statute of limitations barred the suit.

The second claim arose out of respondent's representation of Louis DeAngelis in a suit for divorce. After filing and serving the complaint, the respondent did not proceed with the matter, which was subsequently dismissed. Respondent had promised that the divorce proceeding (an uncontested action) would be completed by August 1978. Not hearing from respondent, DeAngelis called the Superior Court Clerk's Office in Trenton and discovered that the case had been dismissed for lack of prosecution. DeAngelis confronted respondent with this fact, but respondent assured DeAngelis that he need not worry. Mr. DeAngelis subsequently retained other counsel.

■ We agree with the Disciplinary Review Board that respondent's conduct in the practice of law was grossly wanting.

He not only failed to carry out his responsibilities to his clients but also made material misrepresentations to them. Furthermore, his failure to respond to requests for information and to notify clients of a change of address or of a telephone number at which he could be reached exhibited a pattern of inexcusable neglect. Such conduct reflects adversely not only on respondent, but also on the bar. Respondent's conduct violated DR6–101, which provides that:

A lawyer shall not:

(1) Handle or neglect a legal matter entrusted to him in such manner that his conduct constitutes gross negligence.

(2) Exhibit a pattern of negligence or neglect in his handling of legal matters generally.

Further, respondent has not represented his clients zealously as contemplated by DR7–101(A).

■ In deciding the measure of discipline, the Disciplinary Review Board did properly consider respondent's prior disciplinary infractions. *See In re Nigohosian,* 88 *N.J.* 308, 315 (1982); *In re Ritger,* 80 *N.J.* 1, 4 (1979). We believe an additional two-year suspension consecutive to respondent's one-year suspension would be adequate. However, upon reinstatement, respondent shall be permitted to practice law only when employed by and under the supervision of a member of the bar, who will submit periodic reports with respect to the respondent. When he seeks reinstatement, the respondent shall submit in writing his proposed arrangement with an attorney and a written statement from that attorney detailing his understanding of the arrangement and his willingness to act in that supervisory capacity.

Respondent shall not be reinstated until he reimburses the Administrative Office of the Courts for the disbursements incurred for stenographic transcripts of these disciplinary proceedings. We note that respondent has not reimbursed the Administrative Office for costs incurred in the prior disciplinary proceeding. Nor has he complied with Regulation 13 of the Disciplinary Review Board governing suspended attorneys. Under

subparagraph 13 of that regulation respondent is required within 30 days after the date of suspension to file an affidavit verifying compliance with this Court's order and the regulations. Respondent shall comply with this requirement forthwith.

*For suspension*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*Opposed*—None.

## ORDER

The Disciplinary Review Board having recommended to the Court that DENNIS J. CARRIGAN of Gloucester City be disciplined for unprofessional conduct, and good cause appearing;

It is ORDERED that DENNIS J. CARRIGAN be suspended from the practice of law for a period of two years and until the further order of this Court, retroactive to July 9, 1980; and it is further

ORDERED that respondent's restoration to the practice of law shall be conditioned upon his employment, under supervision, by a member of the bar of this State, and upon his payment to the Administrative Office of the Courts of appropriate administrative costs, including the production of transcripts; and it is further

ORDERED that, pending restoration, respondent is restrained and enjoined from practicing law, and he shall continue to comply with all of the regulations of the Disciplinary Review Board governing suspended attorneys.