The PEOPLE of the State of Colorado, Complainant,

v.

Anthony W. LANZA, Attorney-Respondent.

No. 82SA417.

Supreme Court of Colorado, En Banc.

Jan. 24, 1983.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Rollie R. Rogers, Denver, for attorney-respondent.

ERICKSON, Justice.

This is but another disciplinary proceeding involving the respondent, Anthony W. Lanza. In *People v. Lanza,* 200 Colo. 241, 613 P.2d 337 (1980), we indefinitely suspended the respondent from the practice of law and denied him the right to apply for reinstatement for a period of at least one year and then conditioned reinstatement upon a showing of rehabilitation. The disciplinary proceedings which are now before us were concluded with findings of fact, conclusions and a recommendation of disbarment. We approve the recommendation and order that the name of Anthony W. Lanza be stricken from the roll of the lawyers authorized to practice before this Court and that the respondent be disbarred. The respondent may not apply for readmission for a period of eight years. C.R.C.P. 241.7(1). He is also ordered to pay costs in the amount of $1,377.19 within six months from the date of the announcement of this opinion.

This disciplinary proceeding arises out of the respondent's representation of Susan Braun in a criminal case. Ms. Braun had assets which consisted of jewelry which had a value that ranged between $1,640 and $15,000. Ms. Braun asserts that she delivered the jewelry to the respondent as security for the payment of his retainer. She also caused her mother to pay the respondent $2,000 for Ms. Braun's legal services. The respondent acknowledges receipt of the $2,000 and admits that he sold the jewelry. Even though he was ordered by the district court to render an accounting to Ms. Braun for the fees which he claimed, he has refused to do so. Eventually, Ms. Braun was forced to retain other counsel who secured a favorable disposition of the criminal charges which were pending against her.

At the disciplinary hearing expert witnesses testified as to the value of the services rendered by the respondent to Ms. Braun. Their testimony established that a reasonable fee for the service rendered by the respondent was somewhere between $3,000 and $5,000. A fee of $8,000 which appears to be approximately what the respondent received was, in the opinion of one expert, somewhat high although not excessive. There was no dispute that the respondent received $2,000 from Ms. Braun's mother, but the value of the jewelry which the respondent sold was disputed. Ms. Braun, as the owner of the jewelry, valued the jewelry at $6,000 wholesale and $15,000 retail. The respondent asserted a range of values from $1,640 (the amount for which he received a firm offer and offered to accept from Mrs. Braun as a basis for releasing the jewelry) to $7,000 or $8,000 on the basis of a piece-by-piece sale.

The respondent, despite written requests from Ms. Braun and her attorney, and the order of a district judge to account, failed and refused to provide an accounting for the money and jewelry which was delivered to him and refused to itemize the services performed and the costs which he incurred. At the very least, he should have made his fee and cost agreement with Ms. Braun clear from the outset and should have discussed the amount of the fee which he claimed that he had earned at the time he was discharged. If there was a disagreement as to the value of the jewelry, he should have initiated an action to determine its reasonable value through an appropriate appraisal. Respondent's actions violated C.R.C.P. 241.6(1), (2), and (3); and DR 9–102(B)(3) (lawyers must maintain complete records of all funds, securities, and other properties of a client coming into their possession and render appropriate accounts to their clients). *See People v. Gellenthien*, 621 P.2d 328, 329 (Colo.1981); *People v. Harthun*, 197 Colo. 1, 593 P.2d 324 (1979).

In view of the testimony of the experts, the Grievance Committee concluded, and we agree, that the record fails to establish that the respondent charged Ms. Braun an excessive fee in violation of DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee). However, the Committee concluded, based upon clear and convincing evidence, that the respondent, by failing to make the jewelry available for appraisal, is directly and solely responsible for the Committee's inability to resolve the charge against him as to the excessive fee, which adds to the gravity of the respondent's violation of DR 9–102(B)(3). The respondent's past record, coupled with this case, reflects a continued pattern of conduct involving his abuse of the trust arising out of the attorney-client relationship. In addition, the respondent has failed to cooperate in the investigation by the Grievance Committee and has failed to answer inquiries made regarding his activities as a lawyer. He has also failed to respond to our order to show cause and has left the state.

Accordingly, it is ordered that the respondent be disbarred and his name be stricken from the roll of lawyers authorized to practice before the Supreme Court. He is denied the right to apply for readmission until he furnishes with his application for reinstatement an accounting which shall set forth with specificity the disposition of the jewelry which he obtained from Ms. Braun. Readmission is also conditioned upon full compliance with C.R.C.P. 241.22. Costs in

the amount of $1,377.19 are assessed against the respondent and must be paid within six months from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 190 East 9th Avenue, Suite 440, Denver, Colorado 80203.

NEIGHBORS, J., does not participate.