The PEOPLE of the State of
Colorado, Complainant,

v.

Ronald James COCA,
Attorney-Respondent.

No. 85SA295.

Supreme Court of Colorado,
En Banc.

Jan. 27, 1986.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Ronald James Coca, pro se, Chula Vista, Cal.

NEIGHBORS, Justice.

After a formal complaint was filed with the Grievance Committee charging the respondent, Ronald James Coca, with four counts of professional misconduct, the disciplinary prosecutor and the respondent executed a Stipulation, Agreement, and Conditional Admission of Misconduct. The document, as later supplemented, addressed not only the four counts alleged in the formal complaint, but also resolved two additional instances of misconduct which had not yet been charged in a formal complaint.

The stipulation contains a recommendation that the respondent be suspended from the practice of law for one year and one day, that he be ordered to pay restitution, and that he be assessed costs. An inquiry panel of the Grievance Committee approved the stipulation and agreement and forwarded it to this court. We agree that the proposed discipline is appropriate for the violations of the Code of Professional Re-

sponsibility admitted in the stipulation. Therefore, we accept the recommendation of the Grievance Committee.

The respondent was admitted to the bar in 1977, is registered as an attorney, and thus, is subject to the jurisdiction of this court and our Grievance Committee with respect to his conduct as an attorney. We summarize each of the four transactions involving the misconduct upon which the disciplinary proceedings are based, taking the pertinent facts from the parties' stipulations.

### I.

In October 1983, the respondent was appointed to represent D.H. in connection with an extradition proceeding initiated by the State of Oklahoma which sought the return of D.H. to that state from El Paso County, Colorado. The respondent filed a petition for a writ of habeas corpus which was denied by the trial court. The respondent filed a notice of appeal in this court, but failed to file an opening brief and the appeal was dismissed in August 1984. The parties' stipulation indicates that the respondent advised D.H. that he had determined there were no grounds for an appeal of the adverse decision issued by the El Paso County District Court. The respondent also advised his client that he would be guilty of prosecuting a frivolous appeal if he filed a brief in this court. D.H. did not object to this proposed course of non-action. The disciplinary prosecutor agreed that there was no proof of any misconduct and the inquiry panel was requested to recommend dismissal of count 1 as part of the stipulation. We agree with the inquiry panel's recommendation that count 1 be dismissed.

The respondent was notified in July 1984, of the request for investigation filed by D.H. He was later notified that his answer was overdue and that his continued failure to respond could result in the imposition of discipline. The respondent nevertheless failed to respond to the request for investigation. Accordingly, his conduct violated C.R.C.P. 241.6(7).

### II.

In March 1983, the respondent and I.R. entered into an oral contingency fee agreement. The respondent agreed to file a medical malpractice suit on behalf of I.R. As his compensation, the respondent would receive one-third of any settlement paid to I.R. At the initial meeting between the respondent and I.R., the client signed a number of medical release forms. Later in March, the respondent sent I.R. additional medical releases which he signed and returned.

Between approximately April 1983 and April 1984, I.R. called respondent's office an average of two times per week. None of his telephone calls were returned by the respondent. Moreover, in September and October of 1983, the respondent arranged several appointments with I.R. who, together with his wife, drove from the Arkansas Valley to Colorado Springs to see the respondent. However, the respondent failed to appear for each scheduled appointment.

In February 1984, I.R. reached the respondent by telephone. The respondent informed I.R. that the case was "going well," that he had sent out subpoenas, and that he would be filing the case. Between February and April 1984, the respondent made approximately six appointments to see I.R. which he again failed to keep.

In May 1984, I.R. sent a certified letter to the respondent dismissing him as his attorney and demanding the respondent's file, calendars, and papers concerning the case. I.R. received no response.

On or about August 7, 1984, I.R. went unannounced to the respondent's office. At that time, he met with the respondent who stated that he had all of the medical papers he needed, and that he would schedule a court date by the end of the week and arrange for a meeting with I.R. a week later. In fact, the court date was not set because the case had never been filed. The parties stipulated that the statute of limitations on the medical malpractice suit may

have run. At the time the stipulation was signed, I.R. had not heard from the respondent since August 7, 1984.

■ The respondent's conduct violated C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1), DR1–102(A)(4), DR6–101(A)(3), DR7–101(A)(2), DR7–101(A)(3), and DR9–102(B)(4). In addition, the respondent again failed to respond to the request for investigation and thereby violated C.R.C.P. 241.6(7).

### III.

In August 1984, R.S. retained the respondent to represent him in connection with several criminal offenses, including possession of marijuana with intent to sell and conspiracy. R.S. paid the respondent a retainer of $9,160 in several payments. No written fee agreement was executed.

The respondent made a brief appearance before the grand jury on behalf of R.S. and appeared at his client's first appearance and arraignment. At the end of August, R.S. retained other counsel to represent him. The new attorney requested R.S.'s file from the respondent, which he obtained after a brief delay.

R.S. then asked the respondent to return his retainer. The respondent informed R.S. that he was entitled to receive a refund of $8,500. However, the respondent did not have the funds available. The respondent had anticipated that he would be involved in the criminal proceedings for an extended length of time, believed that the retainer would be his fee, and spent all of the money, rather than putting it in his trust account and billing against it. The respondent agreed to execute a promissory note in favor of R.S. in the amount of $8,500. The note called for payments of $1,000 per month plus 12 percent interest commencing on November 25, 1984. The payments were to be made each month thereafter. The respondent executed the note and sent it to his client's new attorney because R.S. assigned the note to the attorney as part of their fee arrangement.

The respondent made one payment of $1,500 to the attorney pursuant to the terms of the promissory note. He made no further payments because he lacked sufficient funds.

■ The conduct of the respondent in connection with this matter violated C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1), DR1–102(A)(6), DR9–102(A), and DR9–102(B).

### IV.

The respondent was appointed by the district court to prosecute a criminal appeal for R.M. The respondent filed the appeal in the Colorado Court of Appeals which upheld R.M.'s conviction. The respondent prepared a petition for a writ of certiorari to file with this court. The respondent encountered problems with the drafting of the petition and the clerk of the court requested that the respondent rework the petition before filing it. By the time the respondent had corrected the petition and filed it, the prescribed filing time had elapsed. We denied the petition for certiorari review for that reason. The respondent then filed a motion for an extension of time which was also denied. Thus, R.M. was denied further appellate review of his conviction as the result of the respondent's tardiness in filing the appropriate pleadings with this court.

■ The conduct of the respondent violated C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1), DR1–102(A)(5), and DR1–102(A)(6).

### V.

The parties stipulated to additional facts which they determined to be relevant to the discipline to be imposed. The respondent served successfully as a deputy state public defender. He left the public defender's office in December 1981, and went into private practice in May 1982. The respondent's partner had an efficient secretary

who assisted the respondent in maintaining good case management procedures. However, the respondent left the partnership at the end of 1983, because he was not "reaping the same rewards as his partner." The respondent then entered into an office sharing arrangement. The respondent did not have adequate experience in operating a private practice nor sufficient office personnel to properly manage his cases. The respondent was too embarrassed to seek help or assistance from other attorneys. The respondent is no longer practicing law and is planning to relocate in California. He returned the files of I.R. to his former client through the office of the disciplinary prosecutor and has since notified I.R. of the name and address of his legal malpractice insurance carrier.

## VI.

◼ The professional misconduct to which the respondent has stipulated is egregious and seriously prejudiced his clients. It adversely reflects on his fitness to practice law and tends to bring the legal profession into disrepute. A severe sanction is therefore appropriate as being commensurate with the extent of the respondent's violations of his professional responsibility.

Accordingly, it is ordered that the respondent, Ronald James Coca, be suspended from the practice of law for one year and one day; that he comply with the provisions of C.R.C.P. 241.21; that he make restitution to R.S. or his assignee in the amount of $8,500, and such other amounts as may be required by the terms of the promissory note before filing any petition for reinstatement; and that he pay costs of $67.97 incurred in the disciplinary proceedings to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500 South, Denver, Colorado 80202, within sixty days from the date of this opinion. The respondent's reinstatement is conditioned upon full compliance with C.R.C.P. 241.-22(c) and payment of restitution and costs.