[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This complaint for presentment has been filed by the Statewide Grievance Committee alleging that the respondent, Marvin Sperling, has been guilty of misconduct not occurring in the presence of the court involving his character, integrity and professional standing and conduct.
Notice of a hearing thereon to be held October 10, 1991 was issued by the court. The respondent did not appear, and the court (Aronson, J.) continued the case until November 8, 1991. The court finds that the respondent had proper notice of the hearing.
The matter was heard by the undersigned on November 8, 1991, at which time counsel for said committee appeared but the respondent did not appear. Counsel for the committee reviewed the previous court proceedings, and informed the court that she had sent a letter by certified mail, return receipt requested, to the respondent at his office, with a copy to his home address, informing the respondent of the new date. (Court Exhibit C). A default for failure to appear was entered by the court.
The presentment complaint is stated in three counts.
Count I alleges that the respondent was admitted to CT Page 1391 practice in 1956 and was retained by Phyllis R. Cappa in 1989 to obtain an annulment from her husband; that he represented to his client that he had filed the appropriate papers in court; that the client independently learned no papers had been filed; that the respondent failed to communicate with the client; that on May 10, 1990, a duly authorized reviewing committee held a hearing on a grievance complaint against the respondent, at which the respondent failed to appear. The Statewide Grievance Committee, at a meeting held on July 24, 1990, concluded that the respondent violated Rules 1.1 and 1.3 of the Rules of Professional Conduct by failing to act with reasonable diligence and competence in the annulment matter, and that violated Rule 1.4 by failing to keep the client informed.
Count II alleges that one Dale Goldstein retained the respondent in February 1980 in a personal injury matter; that at the time, the client was 17 years old, and the respondent advised him to wait until he was 21 to file the suit; that the respondent failed to communicate with the client, despite many requests for information; that at a hearing held on a grievance filed by Goldstein on April 11, 1991, the respondent admitted that no suit was filed and that he failed to inform the client.
Count II further alleges that the same client retained the respondent in June 1980 for a personal injury matter involving a motorcycle; that the respondent brought suit against one Trainor, and recovered a partial settlement in the amount of $24,990; that the respondent agreed to pursue an under-insured motorist claim for the client; that at a hearing on a grievance complaint filed by the client, the respondent admitted that he did not pursue such claim and did not tell the client the truth about the case; and that on July 18, 1991 the Statewide Grievance Committee found that the respondent violated Rule 1.3 by neglecting the personal injury cases, Rule 1.4 by failing to communicate with the client as to the status of the cases, and Rule 8.4(c) by repeated misrepresentations to the client over a period of 10 years.
Count III alleges that the respondent was retained by one Sobel in February 1989 in connection with a personal injury claim against a supermarket; that the respondent told the client to obtain photographs, which he did; that the respondent told the client he would contact both the store and the client's treating physicians; that the respondent did not contact such physicians; that the respondent failed to communicate with the client, and in November 1990 the client obtained new counsel; and that the respondent failed to provide either the file or information in the case to the client's new counsel; that on July 18, 1991 the Statewide Grievance CT Page 1392 Committee found the respondent in violation of Rule 1.3, by failing to pursue the personal injury claim with reasonable diligence, Rule 1.4 by failing to keep his client informed and by failing to provide the client's new attorney with the necessary information on the case.
Counsel for the committee first offered the testimony of Harry Sobel, the client in Count III, who corroborated the facts stated in Count III, as well as testimony of his daughter, Susan Gottleib, who testified she repeatedly called the respondent at home and at his office with no response. Counsel also offered a copy of a letter from the respondent, dated January 17, 1991, to Attorney Atherton B. Ryan, concerning the complaint of Mr. Sobel. Therein, respondent admitted that he had lost the file and further stated that he had had no contact with him by letter or phone, since he took the case. Ms. Gottleib further testified that no suit was brought nor any settlement reached in the case.
As to Count II, counsel for the committee offered the testimony of Dale Goldstein, the complainant against the respondent. He essentially corroborated the allegations contained in paragraphs 2 through 6 and 7 through 9. Counsel also introduced a portion of a transcript of a hearing of the review committee on Mr. Goldstein's complaint wherein the respondent admitted that he did not pursue either case on behalf of Mr. Goldstein and that he let the statute of limitations run in both matters. Counsel also introduced two letters from Attorney Arthur P. Meisler to the respondent, requesting Mr. Goldstein's files and asking that the respondent have his professional liability carrier contact Mr. Meisler. These letters were sent in April and May of 1991. Previously, Mr. Goldstein sent a letter to the respondent by certified mail in September 1989. There was no response to any such letters, nor to any of numerous phone calls from Mr. Goldstein to the respondent.
As to Count I, counsel for the committee presented no evidence. However, Count I alleges that the respondent failed to appear at a hearing called by the review committee, and that the committee thereafter found the respondent in violation of the Rules as noted. As our Supreme Court noted in the context of a presentment — failure to appear and contest constitutes a consent to any decision rendered thereafter. In Re Pagano,207 Conn. 336 341 n. 4. The respondent has not challenged the allegations in Count I made by a body "which is in no sense a party to the proceeding but an independent public body charged with the performance of a public duty in a wholly disinterested and impartial manner . . . ." Grievance Committee v. Broder, 112 Conn. 263, 265. Nevertheless the court ordered CT Page 1393 counsel to file with the court certified copies of the proceedings of the committee, and to give notice thereof to the respondent. Counsel has complied, and the respondent has not objected. The court finds that it has been established by clear and convincing evidence that the respondent has violated:
(a) Rule 1.1 Competence, in failing to provide competent representation to a client, to wit: Phyllis R. Cappa.
(b) Rule 1.3 Diligence, in failing to pursue the Cappa matter, the uninsured motorist claim on behalf of Mr. Goldstein and the personal injury matter of Mr. Sobel.
(c) Rule 1.4 Communication, in failing to keep all of said clients informed.
The court also notes that there were prior disciplinary proceedings involving the respondent as follows:
(a) Court reprimand on November 30, 1971.
(b) Court reprimand on October 28, 1976.
 (c) Suspended from practice for one year on November 15, 1978.
(d) Court reprimand on February 25, 1985.
 (e) Interim suspension on December 23, 1988 to January 13, 1989.
(f) Court reprimand on August 10, 1990.
The court has considered the seriousness of the violation as well as the prior disciplinary offenses (People v. Vernon, 660 P.2d 879) and vulnerability of the victims — Mr. Goldstein's youth and Mr. Sobel's age — (People v. Lanza,613 P.2d 337). The only mitigating factor appears to be the absence of a dishonest or selfish motive on the part of the respondent.
Having reviewed such cases as People v. Coca, 716 P.2d 1073
(Colorado) and In Re Corrigan, 91 N.J. 421, 452 A.2d 206
(New Jersey), the court is of the opinion that a suspension from practice is the appropriate sanctions.
It is ordered that the respondent be suspended from the practice of law for one year, and it shall be a condition of his application for reinstatement that he provide evidence of professional liability insurance coverage in the amount of CT Page 1394 not less than $500,000, which shall be maintained by him as long as he shall practice.
Attorney David Baram is hereby appointed trustee of the respondent's files.
Burns, J.