(No. 48343.-)

*In re* MERTON BRODY, Attorney, Respondent.

*Opinion filed November 15, 1976.*

Schwartz & Freeman, of Chicago (Arthur S. Freeman, Steven C. Page, and Richard G. Siegel, of counsel), for respondent.

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The Review Board of the Attorney Registration and Disciplinary Commission has recommended to us that the

respondent, Merton Brody, who was admitted to the bar of this State in 1950, be suspended from the practice of law for one year. The Review Board had affirmed findings of the Hearing Panel that the respondent had commingled and converted to his own use $500 in escrow funds which had been entrusted to him and that he had thereby been guilty of unethical conduct that tended to defeat the administration of justice and bring the profession into disrepute. The Hearing Panel's recommendation also had been that the respondent be suspended for one year.

The factual circumstances of what was found to be the misconduct of the respondent are largely undisputed. In February 1970 he represented a client, whom he had earlier represented on other matters, in the purchase of a currency exchange. Under the agreement of sale $500 was to be withheld from the purchase price of $67,500, and at the closing on March 7, 1970, $500 was placed in escrow with the respondent. The purpose of the escrow was to secure the seller's undertaking to indemnify the buyer against any claims arising from prior operations of the business which might be presented to the buyer within 90 days of the closing. It is not disputed that the respondent deposited the $500 in a personal checking account and that these funds were commingled with the respondent's personal funds. Checks were drawn from time to time on the account by the respondent for his own personal use and the account was closed by him in 1972. The respondent's client presented to him a list of claims amounting to $499 on a date not shown by the record. The respondent did not notify the seller of these claims and though his client many times requested payment be made from the escrow funds he did not do so. As of the time of the filing of the complaint against him by the attorney disciplinary system, and indeed as of the time the Review Board recommended his suspension, the respondent had not made any payments from the escrow fund to his client or accounted to the client or the seller for the

$500 placed in escrow. From exceptions filed by the respondent in this court to the report of the Review Board it appears that on November 14, 1975, the respondent opened an escrow account in a Chicago bank and deposited $500 in it. His attorney secured from the respondent's client and from the seller a direction that respondent should pay the $500 to his former client, the buyer. This was done on December 18, 1975.

In March 1974 the respondent's client wrote to the Chicago Bar Association complaining of the respondent's conduct. In his letter the client stated that he had submitted bills relative to the business he had purchased to the respondent totaling $499 and that he had "called him, tried to persuade him in all manner of speaking, to no avail" to turn over the money in escrow. The complaint was referred to the Attorney Registration and Disciplinary Commission, and on April 24, 1974, one of the attorneys for the Commission forwarded a copy of the client's letter to the respondent and requested him to respond within 10 days. When no reply was received, on May 9, 1974, another letter was sent advising him that unless a response was received within the next 10 days the complaint against him would be presented to the Commission's Inquiry Board. There was no response to the letter of May 9, and on May 28 the respondent was informed that unless he responded within 10 days a subpoena would be served on him requiring his presence before the Administrator of the Attorney Registration and Disciplinary Commission.

There was no response to the letter of May 28, and on August 21 he was served with a subpoena commanding him to appear before the Administrator on August 30, 1974. On August 29 the respondent requested and secured a continuance of his appearance until September 3, on which date he did appear and promised to respond in writing to the charges of his client. However, there was no written response to the charges of the client. By a letter of October 23 he was invited to make an oral statement

before a panel of the Inquiry Board on December 4; he did not appear.

A complaint was filed against the respondent on February 20, 1975. It contained three counts. Count I charged the misconduct described above as to the funds placed in escrow. Count II charged a failure to respond and cooperate with the investigation by the Administrator and the Inquiry Board in violation of Rule 1.3 of the Attorney Registration and Disciplinary Commission of the Supreme Court. Count III alleged that in 1973, 1974 and 1975 the respondent had been engaged in the practice of law in Illinois but had failed to register with or pay registration fees to the Attorney Registration and Disciplinary Commission as he was required to do under Rule 756 of this court. By reason of this failure, it was charged, he had been engaged in the unauthorized practice of law. (In the report it filed on September 15, 1975, the Hearing Panel noted that the Administrator had advised it that on May 21, 1975, after the hearing before the Hearing Panel had been completed, the respondent did register with the Commission and pay the fees and penalties owed.)

The respondent appeared as his own counsel before the Hearing Panel. He was represented by counsel before the Review Board.

At the hearing the respondent's client testified that he had often requested the respondent to disburse the escrow funds to him. He said that he had communicated with the respondent for this purpose over a period of 5 years by letter and telephone about two dozen times.

The respondent testified that he was privately employed by a company in Chicago and had only a limited private practice. He acknowledged he had not disbursed the $500 and that he had received demands from his client to do so. He called his client as a witness and asked him whether he, the respondent, had not told the client that a portion or all of the $500 would probably be offset by what the client would owe him for a fee. The client's

response was that the respondent had never sent him a bill. The respondent stated to the panel that he had a setoff against the escrow funds, but he acknowledged he had been negligent in his handling of the matter. He said he practiced very little and was unaware he was required to register with the Attorney Registration and Disciplinary Commission.

The respondent has acknowledged here that his client provided him with a list of claims relating to the money in escrow but states that the record doesn't show whether the list was given the respondent within 90 days. He admits, as he has at all stages of the proceedings, that he commingled the escrow fund with his personal funds. He says, however, that he had more than one bank account and that he had always maintained a bank balance that was at least equal to the amount of the escrow. Because of this he argues that his use of the escrow funds was not a conversion.

We consider the conduct of the respondent was indefensible. He not only wrongfully commingled the money placed in escrow with his personal funds but he used the funds for personal purposes and ended by closing the account in 1972. His client testified that he communicated with the respondent about two dozen times in vain efforts to have the respondent make payment from the escrow fund. The attorney has exhibited a complete indifference to the interests of his client. He made no disbursement to the client until after the Hearing Panel and the Review Board had recommended his suspension and until the matter, more than 5 years after the creation of the escrow, was pending before this court.

The respondent demonstrated a complete want of professional responsibility in ignoring the almost excessively patient requests of the Attorney Registration and Disciplinary Commission for his cooperation in regard to the complaint filed against him. The attitude displayed was one of indifference toward or even contempt for disciplinary procedures. His contention that while he was

indeed guilty of commingling escrow funds with his personal funds, there was no greater fault, because at all times he had a balance in some bank account of at least $500 is, of course, groundless. His misuse of the escrow funds is undeniable.

In *In re Borchardt,* 357 Ill. 458; 461, this court said: "The wrongful conversion by an attorney at law of funds placed in his hands for a specific purpose is a flagrant violation of duty and requires discipline."

The sanction which the Hearing Panel and the Review Board have recommended is certainly not excessive under the circumstances, and it is adopted by this court.

*Respondent suspended.*