(No. 53572

*In re* ROBERT EDWARD CLEVELAND, Attorney, Respondent.

*Opinion filed May 22, 1981.—Rehearing denied October 19, 1981.*

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Sidney Z. Karasik, of Chicago, for respondent.

MR. JUSTICE WARD delivered the opinion of the court:

A panel of the Hearing Board of the Attorney Registration and Disciplinary Commission found that Robert E. Cleveland, who was admitted to the bar in 1949, commingled and converted escrow funds deposited with him and was guilty of conduct which tended to defeat the administration of justice and bring the legal profession into disrepute. The panel recommended that the respondent be suspended from the practice of law for a period of one year and until further order of this court. A majority of the members of the Review Board of the Commission

agreed with the conclusion and the recommendation of the panel. One member did not participate in the decision, and one member of the Board recommended censure. Two members recommended that the respondent be suspended for two years and until further order of the court.

The complaint filed with the Commission and the evidence showed that the respondent was asked by another attorney, Arthur Zimmerman, to represent the sellers of a franchise business at the closing of its sale. An escrow agreement, drawn by the buyers' attorney, was entered into at the closing, and $36,729.74 was deposited by the buyers with the respondent as the escrow agent, to be held by him until he received authorization from the buyers' attorney to release the funds to the sellers. The purpose of the escrow was to withhold payment until certain bulk-sales affidavits and tax releases were obtained. The closing was conducted on March 6, 1978, and the respondent deposited the escrow funds in a personal checking account, though it appears that the account had been used earlier as an escrow account. The buyers' attorney authorized the respondent in writing on May 11, 1978, to release the escrow funds to the sellers, and on that date the sellers made an oral demand on the respondent for the funds. The funds were not released by the respondent, and four days later the sellers complained to the Attorney Registration and Disciplinary Commission. The respondent conferred with an attorney regarding the matter and on the advice of the attorney did not at that time turn over the escrow funds. The funds were not delivered to the sellers until September 8, 1978. Cleveland denied any intention to convert the funds and claimed that he did not disburse them upon the sellers' request because he did not have in his possession a legible copy of the escrow agreement. He further claimed that at all times his assets exceeded the amount of the funds in escrow, and he testified that at the time concerned he was under great mental stress because

of severe personal problems.

Attorney Zimmerman, who had asked the respondent to handle the closing, forwarded the respondent a legible copy of the agreement sometime before May 24, 1978. It appears that a complaint against the respondent was filed with the State's Attorney of Cook County, and that the respondent endeavored to have the complaint withdrawn before he turned over the escrow funds. The record does not show the disposition of the complaint, but it appears as if no action was taken on it.

There is no doubt that the respondent commingled and converted the escrow funds for his personal use. They were used to satisfy income tax and other personal obligations and to speculate on the commodities exchange. The hearing panel found, at one period of the respondent's possession of the escrow funds, his personal use of them had reduced the fund to approximately $8,000. The asserted defense that respondent did not have a legible copy of the escrow agreement is, of course, no defense at all. In no way could it provide justification for the misuse of the clients' funds. In any event, this explanation was not in good faith available to the respondent, for he was provided with a legible copy by attorney Zimmerman. Apart from this, he of course was present at the closing when the escrow agreement was made and certainly knew its simple terms. Too, the buyers' attorney gave written authorization to the respondent to release the escrow funds to the sellers, eliminating the possibility of a claim of violation of the agreement.

We consider that the sanction of suspension for one year from the practice of law which the hearing panel and a majority of the Review Board recommended is not inappropriate, and we order the respondent suspended for that period. (*In re Brody* (1976), 65 Ill. 2d 152; *In re Bloom* (1968), 39 Ill. 2d 250.) An additional recommendation to us was that the respondent remain suspended until

further order of this court. We do not consider that under the circumstances shown the imposition of this further measure is required.

*Respondent suspended.*