2006 WY 51

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Jo Ann FULTON, Respondent.**

No. D–06–3

Supreme Court of Wyoming.

April 20, 2006.

Reconsideration Denied June 6, 2006.

ORDER SUSPENDING ATTORNEY FROM
THE PRACTICE OF LAW

**This matter** came before the Court upon a "Report and Recommendation to the Wyoming Supreme Court," filed herein March 17, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. After a careful review of the Board of Professional Responsibility's Report and Recommendation, the materials attached thereto, " Respondent Fulton's Response to Report and Recommendation to the Wyoming Supreme Court," and the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that the Respondent, Jo Ann Fulton, should be suspended form the practice of law for a period of three years. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation to the Wyoming Supreme Court, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation, Respondent Jo Ann Fulton shall be, and hereby is, suspended from the practice of law for a period of three years from the date of this order; and it is further

**ORDERED** that Jo Ann Fulton shall reimburse the Wyoming State Bar the amount of $3,779.98, representing the costs incurred in handling this matter, as well as pay an administrative fee of $1,000.00, by paying the amount of $4,779.98 to the Clerk of the Board of Professional Responsibility, on or before August 1, 2006; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

/s/ William U. Hill
William U. Hill
Chief Justice

**BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY
WYOMING STATE BAR
STATE OF WYOMING**

In the matter of JO ANN FULTON, WSB Attorney No. 5–2686, Respondent.

Docket Nos. 2005–02, 2005–29.

**REPORT AND RECOMMENDATION TO THE WYOMING SUPREME COURT**

On February 28, 2006, a disciplinary hearing was held before the Wyoming State Bar Board of Professional Responsibility (hereafter the "Board") in the matter of Jo Ann Fulton, Docket Nos. # 2005–02 and # 2005–29. The Wyoming State Bar was represented by Bar Counsel, Rebecca A. Lewis, and Respondent Jo Ann Fulton represented herself. After hearing evidence and argument from both sides, the Board submits the following Report and Recommendation.[1]

## PROCEDURAL HISTORY

In Docket No. 2005–02, an Amended Complaint was filed and served on Respondent on November 2, 2005. Pursuant to Rule 11(f) of the Disciplinary Code for the Wyoming State Bar (hereafter the "Disciplinary Code"), Respondent had twenty (20) days to serve an answer on Bar Counsel and the Board. Respondent failed to timely answer the Amended Complaint in Docket No. 2005–02. On November 28, 2005, Bar Counsel filed and served a Motion For Entry of An Order of Default, together with a Notice of Imminent Default on Amended Complaint. Respondent did not timely respond to the Notice of Imminent Default, and on December 20, 2005, the Board issued its Entry of Order of Default and Order Setting Hearing on Sanctions in Docket No. 2005–02.

In Docket No. 2005–29, a Complaint was filed and served on Respondent on November 15, 2005. Pursuant to Rule 11(f) of the Disciplinary Code, Respondent had twenty (20) days to serve an answer on Bar Counsel and the Board. Respondent failed to timely answer the Complaint in Docket No. 2005–29. On December 6, 2005, Bar Counsel filed and served a Motion For Entry of An Order of Default together with a Notice of Imminent Default on Disciplinary Summons and Complaint. Respondent did not timely respond the Notice of Imminent Default, and on December 27, 2005, the Board issued its Entry of Order of Default and Order Setting Hearing on Sanctions in Docket No. 2005–29.

On January 10, 2006, the Chair of the Board, acting as a disciplinary judge pursuant to Rule 11(g) of the Disciplinary Code, held a pre-hearing conference. At the conference, Respondent requested leave to file a motion to set aside the default orders in both Docket No. 2005–02 and Docket No. 2005–29, and on January 10, 2006, the Board issued its Order Continuing Hearing in which the disciplinary hearings set for January 18 and 19, 2006 were continued, and further ordered that Respondent's motion for relief pursuant to Rule 60 of the Wyoming Rules of Civil

Procedure be filed no later than January 20, 2006. Respondent's Rule 60(b) Motion For Relief From Entry of Default was untimely filed on January 24, 2006. Notwithstanding the untimely filing, Respondent's Motion was considered by the Board, and arguments by Respondent and Bar Counsel were heard by the Board on February 10, 2006.

The Board found that the default orders entered in Docket Nos. 2005–02 and 2005–29 were properly entered pursuant to Rule 11(m) of the Disciplinary Code. It therefore became Respondent's burden to prove that relief from the default orders was warranted under Rule 60 of the Wyoming Rules of Civil Procedure, made applicable to these proceedings pursuant to Rule 11(n) of the Disciplinary Code. Under Rule 60, a litigant may seek relief from judgments and orders attributable to (a) clerical mistakes, or (b) other reasons. In this matter, Respondent seeks relief from the default orders pursuant to Rule 60(b)(1), which authorizes relief, upon such terms as are just, when the entry of the order was occasioned by "mistake, inadvertence, surprise or excusable neglect." Under applicable Wyoming law, a Rule 60(b)(1) motion must clearly be substantiated by adequate proof, and the burden is on the movant to bring himself within the rule. *Vanesse v. Ramsey,* 847 P.2d 993 (Wyo.1993); *United States Aviation, Inc. v. Wyoming Avionics, Inc.,* 664 P.2d 121 (Wyo.1983).

The Board found that Respondent failed to carry her burden to prove that she was entitled to relief from the orders of default entered in Docket No. 2005–02 and Docket No. 2005–29. Specifically, the Board found that Respondent failed to carry her burden to prove that her failure to timely respond to the underlying disciplinary complaints, and more importantly, the notices of imminent default, were the result of mistake, inadvertence, surprise or excusable neglect. Therefore the Motion was denied and the matters went to hearing on February 28, 2006, to determine the form of discipline to be imposed.

1. Board member Devon Coleman abstained from    voting on these disciplinary recommendations.

## FINDINGS OF FACT ON # 2005-02

1. Respondent, Jo Ann Fulton, is an attorney who has been licensed to practice law in Wyoming since 1990. Her office is located in Laramie, Wyoming.

2. Respondent represented Terry and Casi Rummel in regard to personal injuries Casi Rummel received in a vehicle accident. The Representation Agreement provided at paragraph V. "Expenses," that paralegal fees were to be billed to and paid by Rummels as an "expense." This is a variation from the form contingency fee agreement approved by the Wyoming Supreme Court in Rule 6 of the Rules Governing Contingency Fees for Members of the Wyoming State Bar, and affected substantive rights of the Rummels. Respondent did not have this modification of the form approved by the District Court of the Second Judicial District, as required by Rule 6.

3. Respondent did not provide to Rummels a copy of the Rules Governing Contingency Fees for Members of the Wyoming State Bar, as required by Rule 5(e) of those Rules.

4. Some, if not all, of the paralegal fees that were billed should have been included as part of the contingency fee as they were actions which are generally understood to be part of the legal services to be compensated by the contingency fee.

5. Although the Representation Agreement indicated that the "adverse parties" were "G.E. Property & Casualty Insurance Co.," Respondent was also pursing legal matters in regard to Farm Bureau and the Town of Saratoga for which she sought a fee.

6. Respondent and Rummels settled some claims for a total of $101,864.00. Most of that money was received in November 2003. Inasmuch as Respondent was planning to file suit for Rummels against the Town of Saratoga, Respondent and Rummels agreed that Respondent would retain the funds for that possible litigation. Respondent was unsure what amount of expenses would be incurred in that suit, but did not expect that suit to use all the settlement funds from the settlement.

7. In the course of the discussion regarding retention of the settlement monies, Respondent erroneously advised Rummels that if Respondent kept the money, the interest earned would be part of the settlement such that it would not be taxable.

8. On 16 February 2004, Respondent purchased a Certificate of Deposit ("CD") from U.S. Bank with the Rummels' settlement monies. The CD was in the amount of $101,864.00 and matured in 2 years. The CD was purchased in the name of Fulton Law Office, P.C., and not in the name of Terry or Casi Rummel. The CD also included the tax I.D. number for Respondent, not Rummels. No interest from this CD was paid to the Wyoming Bar Foundation as it would have been if the CD had been part of Respondent's IOLTA trust account.

9. Respondent informed Rummels of the purchase of the CD, but did not provide them with any of the documentation even after Rummels requested it on numerous occasions. Respondent did not inform Rummels that the CD had been purchased in the name of Fulton Law Office firm. Respondent also did not inform them that it had a 2 year term.

10. Although the settlement monies were put in the CD rather than distributed to Rummels, allegedly for the purpose of funding the suit against the Town of Saratoga, Respondent did not file that suit until 16 December 2004. The basis of the suit was essentially that the Town of Saratoga owed a duty to Casi Rummel to issue a citation to the person with whom she had the vehicle accident, and that Casi Rummel was somehow injured or damaged as a result of the Town's failure to issue such a citation. This suit was frivolous and totally without merit, as even a small amount of legal research would have revealed.

11. In response to the suit, the attorney for the Town of Saratoga served a Wyoming Rules of Civil Procedure Rule 11 notice, then filed a motion to dismiss. The suit was dismissed in early 2005 after Rummels contacted Attorney Matthew Castano to negotiate the dismissal of the suit without Rule 11 sanctions.

12. In late 2004, it was agreed that $25,000 of the settlement funds would be released to the Rummels by Respondent.

13. Near the end of 2004, Rummells requested the balance of the settlement funds. Rummels had told Respondent that they were in significant need of this money as they had a bank note coming due. After a number of unexplained delays by Respondent, she finally provided two checks payable from the "Fulton Law Office, PC" operating account, for $25,000 and $20,312.12, respectively. When Rummels attempted to cash the checks, the checks were returned for insufficient funds. The money was eventually paid by Respondent in the form of cashier's checks.

14. Before the settlement monies were distributed, Respondent counseled Rummels in regard to how to pay out the settlement monies in a way that Respondent contended would avoid tax consequences for the interest the monies had earned while held by Respondent. That advice included paying out the monies in several smaller amounts, which is what was done, and paying the monies to persons other than Rummels.

15. In addition to the settlement payout, Respondent paid $20,000 to Rummels as settlement of a dispute between Rummels and Respondent over Respondent's legal fees.

### FINDINGS OF FACT ON # 2005–29

1. Jo Ann Fulton is an attorney licensed to practice law in Wyoming since 1990. Her office is located in Laramie, Wyoming.

2. On 9 May 2005, Myra Schwartz of Laramie, Wyoming, called her son, Ryan Schwartz, an attorney in Cheyenne, Wyoming, regarding a possible problem with the sale of their home. Specifically, Myra informed Ryan that Respondent had contacted the Schwartzs' realtor about a potential lawsuit by the Schwartzs' neighbors regarding the noise level of their air conditioner.

3. During that call, Myra entered into an attorney-client relationship with Ryan Schwartz to represent she and her husband, Jay Schwartz, in the dispute with the neighbors and to protect their interests while they attempted to sell the property.

4. Ryan Schwartz then called the Schwartzs' realtor, Patti MacMillan to confirm what Myra had told him, which she did.

5. Ryan Schwartz thereafter called Respondent on 9 May 2005. During the call, Ryan introduced himself as an attorney and informed Respondent that he represented the Schwartzes with respect to the air conditioner dispute.

6. Ryan Schwartz and Respondent discussed the merits of the case, and Ryan stated that the Schwartzes felt Respondent's clients' claims were unfounded.

7. The conversation ended with Ryan Schwartz explaining that the Schwartzes would not be taking any action regarding Respondent's clients' complaints, and that Respondent should contact Ryan Schwartz with any other questions.

8. Ryan Schwartz never gave Respondent permission to contact the Schwartzes directly.

9. By letter of 8 September 2005, Respondent contacted the Schwartzes directly. The letter was not copied to Ryan Schwartz.

### CONCLUSIONS OF LAW IN # 2005–02

1. Respondent violated Rule of Professional Conduct 1.5(a) by including paralegal time for legal services which should be generally covered by the contingency percentage.

2. Respondent violated Rule 1.5 by violating Rules 5(e) and 6 of the Rules Governing Contingency Fees for Members of the Wyoming State Bar in that Respondent did not provide Rummels with a copy of those Rules, the Representation Agreement did not comply with the form agreement in Rule 6, and Respondent did not seek approval for the modification of the form agreement.

3. By filing a suit against the Town of Saratoga which had no merit, Respondent violated Rules 1.1 and 3.1.

4. By telling Rummels that the interest on the settlement funds was not taxable if Respondent kept those funds, Respondent violated Rule 1.1.

5. By purchasing the Certificate of Deposit in the name of her law firm instead of her clients' names, Respondent violated Rule 1.15(a) because she did not keep those funds separate from her own but essentially took them as her own.

6. Respondent violated Rule 1.15(c) by delivering a portion of their funds to them with two checks which were returned for insufficient funds.

7. Respondent violated Rules 1.15 and 1.4 by failing to respond to Rummels' requests for information regarding the purchase of the certificate of deposit.

8. Respondent violated Rules 1.2(d), 8.4(c) and 8.4(d) by counseling Rummels regarding how to unlawfully avoid tax consequences of interest earned from the settlement monies.

### CONCLUSIONS OF LAW IN # 2005–29

1. Respondent violated Rule of Professional Conduct 4.2 by communicating with Schwartzes directly about the dispute over the air conditioner when Respondent knew that attorney Ryan Schwartz represented them and when Ryan Schwartz had not given Respondent permission for that communication and there is no law which authorized that communication.

### AGGRAVATING FACTORS FOR # 2005–02 AND # 2005–29

The ABA Standards for Imposing Lawyer Sanctions, Standard 9.22, lists factors which may be considered in aggravation in determining what sanction to impose or recommend. The following are the aggravating factors which were supported by the evidence:

9.22(a)—prior disciplinary offenses. Respondent has a significant history of prior discipline. To summarize, in 2002, Respondent received a Private Reprimand from the Board of Professional Responsibility for violations of Rules 3.1 and 4.4 in regard to asserting a non-meritorious claim. By Order of 23 July 2003, the 10th Circuit suspended Respondent from practice before that Court as the culmination of a number of disciplines it had issued to her. The Wyoming Supreme Court, based on that suspension by the 10th Circuit, issued a public censure to Respondent on 6 January 2004. Attached hereto as part of this Report and Recommendation are Exhibits 13, 14, 15, and 18 which are the actual disciplinary orders which were very persuasive in the Board's recommendations.

9.22(c)—a pattern of misconduct. Respondent continues to breach the same types of rules in # 2005–02 as she did in regard to her prior disciplinary matters.

9.22(d)—multiple offenses. In regard to # 2005–02 and # 2005–29, Respondent violated a number of the Wyoming Rules of Professional Conduct. This shows either a lack of knowledge of her ethical obligations or a consistent disregard of them or both.

9.22(e)—bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. Respondent initially failed to timely answer the Amended Complaint in # 2005–02 and the Complaint in # 2005–29. After the defaults were entered, and Respondent was sent notice of them, she did nothing until the pre-hearing conference on 10 January 2006 which preceded the hearing which was set to begin on 18 January 2006. At that time, she made an oral request for time to file a motion to set aside the defaults. She represented to the Board Chair, Joe Teig, that she needed at least 10 days to prepare the motion and get the necessary affidavits to support the motion. Therefore, the hearing on these matters was continued for about 6 weeks to allow Respondent time to file her motion, for the Bar to respond, and for the entire Board to consider the motion. The motion, however, was not timely filed, and there were no affidavits filed. Additional facts in support of this aggravating factor are set forth in more detail in the Bar's Opposition to Respondent's Rule 60(b) Motion for Relief from Entry of Default, filed on 30 January 2006.

9.22(f)—submission of false evidence, false statements or other deceptive practices during the disciplinary process. Respondent testified under oath to several matters that were contradicted by tape recorded telephone conversations between Rummels and

Respondent. Those tapes were admitted into evidence as Exhibit 17.

9.22(g)—refusal to acknowledge wrongful nature of conduct. At the hearing on these matters, Respondent did not take full responsibility for or acknowledge her wrongful conduct. To the contrary, she sought to blame her staff for issuing the settlement checks on the wrong account which resulted in them being returned for insufficient funds. She sought to blame the bank for the manner in which the CD was issued. She sought to blame her mishandling and commingling of the trust account monies on Bar Counsel for not recommending a CLE she could take on trust accounts after Respondent's trust account was overdrawn through an error in her office back in June 2004. She sought to blame Rummels for how the settlement monies were handled and distributed.

9.22(h)—vulnerability of victim. Rummels were very vulnerable. They were unsophisticated consumers of legal services and trusted Respondent to provide a fair and proper representation agreement and to properly purchase a CD which was secure and which fit their needs. She did neither. In addition, based on Respondent's recommendations, Respondent filed a frivolous suit against the Town of Saratoga while holding Rummels' settlement money for more than 11 months for the purported purpose of paying expenses of a suit that had no merit.

9.22(i)—substantial experience in the practice of law. Respondent has been practicing law since 1990.

## RECOMMENDATIONS FOR # 2005–02 AND # 2005–29

The ABA Standards for Attorney Sanctions, Standard 7.2, applies to violations of Rule 1.5 and states that "suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or the legal system."

ABA Standard 4.12 applies to violations of 1.15 and states that "suspension if generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."

The comment to that Standard states in pertinent part, "Suspension should be reserved for lawyers who engage in misconduct that does not amount to misappropriation or conversion. The most common cases involve lawyers who commingle client funds with their own or fail to remit client funds promptly."

The comment also says, "Because lawyers who commingle client's funds with their own subject the client's funds to the claims of creditors, commingling is a serious violation for which a period of suspension is appropriate even in cases when the client does not suffer a loss."

ABA Standard 5.11(b) states that "disbarment is generally appropriate when a lawyer engages in any other intentional conduct (other than those listed in subsection a) involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice."

ABA Standard 4.42 states that "suspension is generally appropriate when (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."

Given the findings of fact and conclusions of law detailed above, along with the ABA Standards for Attorney Sanctions, the Board hereby recommends that the Wyoming Supreme Court order the following:

a. Respondent be suspended from the practice of law for a period of three years from the date of the Court's Order;

b. Respondent be ordered to pay the costs of prosecution and hearing these two matters in the amount of $3,779.98, no later than 1 August 2006; and

c. Respondent be ordered to pay the administrative fee for both cases in the amount of $1000.00 no later than 1 August 2006.

Dated March 15, 2006

/s/ Joe M. Teig

Joe M. Teig, Chair

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Report & Recommendation mailed by United States Mail, postage prepaid, on March 17, 2006 to the following:

Jo Ann Fulton
P.O. Box 1267
Laramie, WY 82073-1267

/s/ Sandra J. Inniss
Sandra J. Inniss

## EXHIBIT 13

## BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR STATE OF WYOMING

In the matter of JOANN FULTON, WSB Attorney No. 5-2686, Respondent

Docket No. 2002-04

## ORDER IMPOSING PRIVATE REPRIMAND

This matter is before the Board on bar counsel's *Motion to Impose Private Reprimand,* supported by a stipulation between bar counsel and respondent. The Board renders the following findings of fact, conclusions of law, and order:

### FINDINGS OF FACT

The Board adopts and finds as true each item in the stipulation, and further finds:

1.  Respondent is subject to the Board's jurisdiction under Disciplinary Code Rule I.
2.  Bar Counsel and respondent stipulated that respondent engaged in an isolated act, violating Wyoming Rules of Professional Conduct 3.1 and 4.4.
3.  Bar Counsel and respondent stipulated to a private reprimand as an appropriate sanction, with the following conditions:
    a.  respondent shall have no same or similar violations during a two-year probationary term;
    b.  respondent shall complete two hours of continuing legal education qualifying for ethics credit (in addition to the hours required generally for members

of the Wyoming State Bar) within two years from the date of this order; and
    c.  respondent shall, within sixty days of this order, reimburse the Wyoming State Bar for all costs associated with this matter, which currently total $_____, and all costs to be incurred until this matter concludes. Bar Counsel and Respondent have stipulated that costs will not exceed $40.00.

4.  A private reprimand is appropriate on these facts under ABA Standard for Imposing Lawyer Sanctions 6.24. ABA Standard 2.6 equates "admonition" with "private reprimand," defining it as a form of non-public discipline declaring the attorney's conduct improper, but not limiting the attorney's right to practice. The circumstances of this matter justify a private reprimand. Bar Counsel and respondent have stipulated to aggravating and mitigating factors, and the Board approves that stipulation.
5.  Respondent and Bar Counsel have stipulated that the following summary of this grievance may be published in the *Wyoming Lawyer:* "The Board of Professional Responsibility privately reprimanded an attorney for violating Rules 3.1 and 4.4 by continuing to assert a claim past the point at which the claim was meritorious. The Board ordered the attorney to complete two additional hours of ethics CLE, complete two years' probation, and reimburse the Bar's costs."

### CONCLUSIONS OF LAW

1.  Respondent violated Wyoming Rules of Professional Conduct 3.1 and 4.4 by continuing to assert a claim past the point at which the claim was meritorious.
2.  ABA Standard for Imposing Lawyer Sanctions 6.24 applies to respondent's conduct. The stipulated aggravating and mitigating factors appropriately justify a private reprimand, with the conditions described above.
3.  Costs and expenses should be assessed in this matter in an amount not to exceed $40.00. Respondent stipulated to pay these costs within sixty days of this order.

## ORDER

The Board hereby orders and imposes a private reprimand on respondent. The Board orders respondent not to have any same or similar violations during the period of probation, which shall expire two years from the date of this order, and to complete two additional hours of ethics continuing legal education during the same period. The Board orders respondent to reimburse the Bar for all costs of this matter, not to exceed $40.00 by July 5, 2002. The following summary of this grievance shall be published in the *Wyoming Lawyer*: "The Board of Professional Responsibility privately reprimanded an attorney for violating Rules 3.1 and 4.4 by continuing to assert a claim past the point at which the claim was meritorious. The Board ordered the attorney to complete two additional hours of ethics CLE, complete two years' probation, and reimburse the Bar's costs."

It is so ordered June 3, 2002.

/s/ James E. Phillips

James E. Phillips, Chair
Board of Professional Responsibility
Wyoming State Bar

### EXHIBIT 14

### IN THE SUPREME COURT, STATE OF WYOMING

October Term, A.D. 2003

BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,

v.

JO ANN FULTON, Respondent.

No. D-03-15

### ORDER OF PUBLIC REPRIMAND

**This matter** came before the Court upon a Report and Recommendation filed herein December 17, 2003, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule XVIII of the Disciplinary Code of the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, the Respondent's Confidential Rule XVIII Affidavit, and the filed, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent Jo Ann Fulton should be publicly reprimanded as set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Report and Recommendation filed herein by the Board of Professional Responsibility for the Wyoming State Bar shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that Jo Ann Fulton shall be publicly reprimanded for her conduct, consistent with the recommended reprimand set forth in the Report and Recommendation; and it is further

**ORDERED** that Jo Ann Fulton shall reimburse the Wyoming State Bar the amount of $1,000.00, representing some of the costs of this matter, by paying that amount to the Clerk of the Board of Professional Responsibility on or before March 1, 2004; and it is further

**ORDERED** that the pursuant to Rule XVIII(e), the Clerk of this Court shall docket this Order of Public Reprimand, along with the Report and Recommendation, as a matter coming regularly before this Court as a public record, provided however, that the Respondent's Confidential Rule XVIII Affidavit shall not be publicly disclosed nor made available for use in any other proceeding, except upon order of this Court; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Reprimand to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

DATED this 6th day of January, 2004.

BY THE COURT:

/s/ William U. Hill

William U. Hill
Chief Justice

BEFORE THE BOARD OF PROFES-
SIONAL RESPONSIBILITY
WYOMING STATE BAR
STATE OF WYOMING

In the matter of JO ANN FULTON, WSB
Attorney No. 5-2686, Respondent

Docket No. 2003-32

## REPORT AND RECOMMENDATION

The Board of Professional Responsibility makes the following report and recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. ·Jo Ann Fulton is currently an active member of the Wyoming State Bar and has been since 1990. She resides in Laramie, Wyoming.

2. Fulton agrees that the facts stated below are true and correct:

February 12, 1997 (In re Jo Ann Fulton, 97–811): The Tenth Circuit issued an Order to show cause why Fulton should not be disciplined for failure to follow the court's rules and directives. Fulton had failed to respond to the Tenth Circuit's November 13, 1996, order to show cause.

March 3, 1997 (In re Jo Ann Fulton, 97–811): Fulton filed her response to the Show Cause Order, citing a number of events to excuse her conduct.

April 7, 1997· (In re Jo Ann Fulton, 97–811): The Tenth Circuit issued an Order which stated on page 2 that "the court finds her conduct unacceptable and her proffered explanations weak, at best." The Court also noted that Fulton did not explain why she had not responded to the Court's November 13 show cause order.

March 29, 2002 (In re Jo Ann Fulton, 02–809): The Tenth Circuit issued an Order requiring Fulton to show cause why she should not be disciplined for her failure to abide by the rules of that court. That Order listed in detail the various cases in which Fulton did not comply with the court's rules. The Order also noted the admonishment from the 1997 discipline and cited four addi-

tional deficiency notices in three different appeals, a $100 monetary sanction issued in 1998, and seven other deficiency notices in three other appeals.

April 26, 2002 (In re Jo Ann Fulton, 02–809): Fulton filed her response to the Show Cause Order, attempting to explain her actions.

June 7, 2002 (In re Jo Ann Fulton, 02–809): The Tenth Circuit issued an Order which stated on page 1 that Fulton's response "contains a now-familiar litany of excuses for her failure to comply with the rules of the court." The Order went on to find at page 2 that "[t]he manner in which Ms. Fulton operates her practice on appeals is a drain on the resources of the court which is completely unacceptable and will no longer be tolerated." The Court fined her $500 to be paid within 20 days of April 26, 2002.

August 8, 2002 (In re Jo Ann Fulton, 02–809): Fulton failed to pay the fine in a timely fashion, so the Tenth Circuit issued an Order on July 5, 2002, demanding Fulton to show cause why the fine had not been paid. Fulton then filed a Notice of Compliance with her $500 on July 15, 2002, citing cash flow problems for the delay in payment. The Court's Order of August 8, 2002, noted the events described above and discharged the July 5 show cause order; however, it also stated on page 2 that "any further violations of the rules of this court will result in more severe disciplinary action, including possible suspension or disbarment."

May 20, 2003 (In re Jo Ann Fulton, 03–809): The Tenth Circuit issued yet another show cause Order requiring Fulton to explain more rules violations in two cases: one for failure to file an opening brief and failure to respond to the Court's show cause order thereon, and the second for another failure to file an opening brief, filing a deficient brief, then failure to file a corrected brief and failure .to respond to a show cause order thereon. She was taken off those two appeals, but failed to comply with the order to mail all documents regarding those appeals to replacement counsel.

June 19, 2003 (In re Jo Ann Fulton, 03–809): Fulton filed her response to the Show

Cause Order, with a long explanation for her actions.

July 23, 2003 (In re Jo Ann Fulton, 03–809): The Tenth Circuit issued its Order suspending Fulton from practice before that court for one year.

3. Fulton agrees that her conduct as detailed above was in violation of Rules 1.3 and 3.4(c) of the Wyoming Rules of Professional Conduct.

## CONCLUSIONS OF LAW

4. Standard 4.43 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violations of Rules 1.3: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

5. Standard 6.23 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violations of Rules 3.4(c): "Reprimand [or public censure] is generally appropriate when a lawyer is negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."

6. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors are:
   i. Section 9.22(c)—a pattern of misconduct,
   ii. Section 9.22(d)—multiple offenses, and
   iii. Section 9.22(i)—substantial experience in the practice of law.
b. Applicable mitigating factors are:

i. Section 9.32(a)—absence of a prior disciplinary record, and

ii. Section 9.32(b)—imposition of other penalties or sanctions.

## RECOMMENDATION TO THE SUPREME COURT OF WYOMING

7. As an appropriate sanction for Fulton's violation of Wyoming Rules of Professional Conduct 1.3 and 3.4(c):

a. Fulton will receive a public reprimand which states as follows:

"Laramie Attorney Jo Ann Fulton received a formal public reprimand by order of the Wyoming Supreme Court on _____. Ms. Fulton failed and refused to diligently pursue appeals in the Tenth Circuit Court of Appeals and failed and refused to comply with the rules of such Court. The details of these actions are outlined in the attached Affidavit of Jo Ann Fulton.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Ms. Fulton violated Rule 1.3 which requires an attorney to act with reasonable diligence and promptness. She also violated Rule 3.4(c) which prohibits an attorney from knowingly disobeying an obligation under the rules of a tribunal except for an open refusal based on an asserting that no valid obligation exists. Ms. Fulton violated these Rules by not promptly filing the necessary appellate documents and then by failing to respond to the Orders from the Tenth Circuit.

Ms. Fulton stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Ms. Fulton. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly reprimanding Ms. Fulton and requiring her to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

b. Fulton will reimburse the Wyoming State Bar for some of the costs of handling this matter in the amount of $1000.00 by paying that amount to the Clerk of the Board of Professional Responsibility on or before 1 March 2004.

This decision is made by a quorum of the Board of Professional Responsibility. It is therefore so recommended December 1, 2003.

/s/ Craig Newman
Craig Newman, Chair
Board of Professional Responsibility

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Report was mailed by United States Mail, postage prepaid, on 2 December 2003 to each of the following:

Rebecca A. Lewis, Bar Counsel
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003

Jo Ann Fulton
P.O. Box 1267
Laramie, WY 82073-1267

/s/ Sandra J. Inniss
Sandra J. Inniss

### EXHIBIT 15

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

IN RE: JO ANN FULTON

No. 03-809

ORDER

Filed July 23, 2003

Before EBEL, KELLY, and O'BRIEN, Circuit Judges.

This matter is before the court following receipt of Jo Ann Fulton's response to our order to show cause dated May 20, 2003. Ms. Fulton has been a member of the bar of this court since 1992. She has been involved in at least twelve Tenth Circuit appeals and committed violations in ten of these appeals. Ms. Fulton has been referred to the attorney discipline program twice before. *See In re:*

*Jo Ann Fulton,* 97–811; *In re: Jo Ann Fulton,* 02–809. The court imposed sanctions of $100 and $500, which she paid.

Ms. Fulton's most recent violations occurred in two direct criminal appeals. In *United States v. Thayer,* appeal No. 02–8081, she failed to file the opening brief and failed to respond to the court's show cause order. In *United States v. Rael,* appeal No. 02–8086, she failed to file the opening brief. After receiving a warning letter, she filed a deficient brief. The clerk's office mailed a deficiency letter and ordered her to file a corrected brief, which she failed to do. The clerk's office then issued a show cause order, to which she failed to respond. Consequently, the Clerk's Panel struck her from appeal Nos. 02–8081 and 02–8086 and referred her to the attorney discipline program. She ignored the court's orders to mail all documents pertinent to the appeals to the attorneys appointed to replace her.

By order dated May 20, 2003, the court ordered Ms. Fulton to show cause within twenty days why she should not be disciplined for failure to abide by the rules of this court. Within her response, filed June 19, 2003, Ms. Fulton states, *inter alia,* that her office experienced computer and calendar problems during the latter part of 2002, that her work load as a sole practitioner has been overwhelming at times, and that she was out of the country for twenty days.

Based on Ms. Fulton's history of rules violations and disregard for court orders, the court concludes that Ms. Fulton should be and is ordered suspended from practice before this court for a period of one year. Reinstatement to practice before this court shall be premised on submission of a motion for reinstatement. *See* 10th Cir. R.App. III §§ 10.5. Ms. Fulton shall remain removed from the panel of attorneys eligible for appointment under the Criminal Justice Act, 18 U.S.C. § 3006(A).

Entered for the Court

Patrick Fisher, Clerk of Court

By: /s/ Diane K. Watkins
Diane K. Watkins
Counsel to the Clerk

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

July 23, 2003

Re: *In re: Jo Ann Fulton*, No. 03-809

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED
STATES MAIL THIS DATE, ADDRESSED AS FOLLOWS:

Ms. Jo Ann Fulton
P.O. Box 1267
Laramie, WY 82070-1267
(Sent By Regular and Certified Mail)

Ms. Betty Griess
Clerk
United States District Court for the
District of Wyoming
P.O. Box 727
Cheyenne, WY 82001

Wyoming Bar Association
500 Randall Avenue
Cheyenne, WY 82001

by: _Ardell S_
Deputy

Z 159 640 504
·US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to | |
|---|---|
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

S Form 3800, April 1995

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

IN RE: JO ANN FULTON

No. 97-811

**ORDER**

Filed April 7, 1997

Before TACHA and BALDOCK, Circuit Judges.

This matter is before the court following issuance of our disciplinary show cause order. Attorney Jo Ann Fulton has responded to that order.

At the outset, the court notes that it finds Ms. Fulton's approach to her work in this case very disturbing. On two different occasions she failed to file motions for extension to file appellant's briefs. While she states that the failure to file a motion with regard to the opening brief was the result of a car accident, she offers no explanation for her untimely submission of the reply brief. Moreover, despite being offered several opportunities to do so, Ms. Fulton has never

explained why she did not respond to this court's November 13 show cause order.

The order to show cause is discharged. Ms. Fulton should be aware, however, that the court finds her conduct unacceptable and her proffered explanations weak, at best. Any future transgressions may subject Ms. Fulton to disciplinary action, or sanctions, or both.

Entered for the Court

Patrick Fisher, Clerk of Court

By: /s/ Elizabeth A. Shumaker
Elisabeth A. Shumaker
Chief Deputy Clerk

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

IN RE: JO ANN FULTON

No. 02-809

ORDER

Filed March 29, 2002

On February 11, 2002, in appeal no. 01–8096, *United States v. Collins,* this court ordered attorney Jo Ann Fulton to show cause why she should not be disciplined for her failure to abide by the rules of this court. Ms. Fulton filed a response March 4, 2002. The court found the response inadequate, especially in light of the court's admonishment from her previous attorney disciplinary action: "Ms. Fulton should be aware, however, that the court finds her conduct unacceptable and her proffered explanations, weak, at best. Any future transgressions may subject Ms. Fulton to disciplinary action, or sanc-

tions, or both." *In re Jo Ann Fulton,* No. 97–811, Order at 2 (10th Cir. Apr. 7, 1997). By order of March 19, 2002, the court struck Ms. Fulton as counsel of record from the *Collins* appeal and again referred her to the attorney discipline program of the court.

Reviewing Ms. Fulton's disciplinary history with the court, after the admonishment set forth above, issued in no. 97–811, she received four additional deficiency notices in three different appeals: no. 97–8051, *United States v. Carta;* no. 97–8101, *United States v. Carta;* and no. 97–8103, *United States v. Valdez–Arrieta.* She received another show cause order and was ultimately sanctioned $100. *United States v. Valdez–Arieta,* No. 97–8103, Order (10th Cir. May 27, 1998). After paying the $100 sanction in 1998, she has received seven deficiency letters in three additional appeals: no. 99–4077, *United States v. Quintanilla;* no. 00–8003, *United States v. Hernandez;* and no. 01–8096, *United States v. Collins.* The court then issued the show cause order in the *Collins* appeal.

Attorney Jo Ann Fulton shall show cause in writing within twenty days of the date of this order why she should not be further disciplined for her failure to abide by the rules of this court. The clerk of this court shall provide her with a copy of the court's Plan For Attorney Disciplinary Enforcement.

Entered for the Court

Patrick Fisher
Clerk of Court

By: /s/ Jeanne E. Herrick-Stare
Jeanne E. Herrick-Stare
Counsel to the Clerk

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

March 29, 2002

NOTIFICATION OF MAILING

Re:   *In re: Jo Ann Fulton*, 02-809.

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED
STATES MAIL THIS DATE, VIA FIRST CLASS AND CERTIFIED FIRST
CLASS MAILED AS FOLLOWS:

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

IN RE: JO ANN FULTON

No. 02-809

ORDER

Filed June 7, 2002

Before SEYMOUR and BRORBY, Circuit
Judges.

This matter is before the court following
receipt of attorney Jo Ann Fulton's response
to our order to show cause dated March 29,
2002.  The show cause order was issued be-
cause the court has had to issue no fewer
than seven deficiency letters in three differ-
ent appeals, even after Ms. Fulton was ad-
monished in No. 97–811, *In re Jo Ann Ful-
ton,* Order (Apr. 7, 1997), and ordered to pay
a monetary sanction in No. 97–8103, *United
States v. Valdez–Arrieta* (May 27, 1998), for
the same types of procedural errors.  Ms.
Fulton's response to this latest disciplinary
show cause order contains a now-familiar
litany of excuses for her failure to comply
with the rules of the court.  Although Ms.

Fulton expresses apology for her procedural errors. she does not suggest any improvement in her office staffing or procedures which would aid her in attaining a measure of professional competence before this court.

The manner in which Ms. Fulton operates her practice on appeals is a drain on the resources of the court which is completely unacceptable and will no longer be tolerated. Given her history of repeated rules violations, the court has determined that Ms. Fulton shall be sanctioned in the amount of $500. Ms. Fulton shall make payment, by check payable to Patrick J. Fisher as Clerk of the Court, within twenty days of the date of this order. She is admonished that any further violations of the rules of this court will result in more severe disciplinary action, including possible suspension or disbarment.

Entered for the Court
Patrick Fisher, Clerk of Court

by: /s/ Jeanne E. Herrick-Stare
Jeanne E. Herrick-Stare
Counsel to the Clerk/Deputy Clerk

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

June 7, 2002

NOTIFICATION OF MAILING

Re:  *In re: Jo Ann Fulton,* 02-809.

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL THIS DATE, VIA FIRST CLASS AND CERTIFIED FIRST CLASS DELIVERY, AI

Ms. Jo Ann Fulton
Fulton Law Office, P.C.
P. O. Box 1267
Laramie, WY 82073

SENDER:
- Complete items 1 and/or 2 for additional services.  *02-889*
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Ms. Jo Ann Fulton
Fulton Law Office, PC
P.O. Box 1267
Laramie, WY 82073

4a. Article Number
7000 1670 0010 779 252

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☒ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
6/14/02

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994       102595 97-8-0179   Domestic Return Receipt

Return Receipt Fee
Endorsement Required

Restricted Delivery Fee
Endorsement Required

Total Postage & Fees  3.

PS Form 3800, May 2000

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

IN RE: JO ANN FULTON

No. 02-809

ORDER

Filed August 8, 2002

Before SEYMOUR and BRORBY, Circuit Judges.

This matter is before the court on attorney Jo Ann Fulton's "Notice of Compliance to Order Filed June 7, 2002," construed as a response to the court's show cause order dated July 5, 2002. On June 7, 2002, the court ordered Ms. Fulton to pay a disciplinary sanction of $500 for her history of repeated rules violations. Payment was to have been received by June 27, 2002. Ms. Fulton failed timely to make payment or respond to the order. On July 5, 2002, the court ordered Ms. Fulton to show cause why she should not be further sanctioned in light of her failure to respond to the June 7, 2002, order. On July 15, 2002, Ms. Fulton submitted the "Notice of Compliance . . . ." together with payment of the $500 sanction. In the "Notice of Compliance . . . ." she explained, without apology or contrition for her failure timely to communicate with the court, the cash flow problems she has been having in her legal practice. In light of her response, the court's show cause order dated July 5, 2002, is hereby discharged. However, Ms. Fulton is reminded that any further violations of the rules of this court will result in more severe disciplinary action, including possible suspension or disbarment.

Entered for the Court
Patrick Fisher, Clerk of Court

by: /s/ Jeanne E. Herrick-Stare
Counsel to the Clerk/Deputy Clerk

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

August 8, 2002

NOTIFICATION OF MAILING

Re: *In re: Jo Ann Fulton*, 02-809.

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED
STATES MAIL THIS DATE, VIA FIRST CLASS AND CERTIFIED FIRST
CLASS DELIVERY, ADDRESSED AS FOLLOWS:

Ms. Jo Ann Fulton
Fulton Law Office, P.C.
P.O. Box 1267
Laramie, WY 82073

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

IN RE: JO ANN FULTON

No. 03-809

Order to Show Cause
(Attorney Discipline)

Filed May 20, 2003

Before EBEL, KELLY, and O'BRIEN, Circuit Judges.

This disciplinary panel was drawn at random from active judges to consider whether Attorney Jo Ann Fulton should be sanctioned as provided in the court's local rules. *See* 10th Cir. R. 46.6(C) and Addendum III, Plan for Attorney Discipline Enforcement. The rules are available at htt p://www.ck10.us courts.gov/circuit/ rules.cfm. Possible sanctions, up to and including suspension or disbarment, are detailed in the rules. The following information has been provided to the panel and serves as the basis for possible discipline.

Ms. Fulton's most recent violations occurred in two direct criminal appeals. In *United States v. Thayer*, appeal No. 02–8081, she failed to file the opening brief and failed to respond to the court's show cause order. In *United States v. Rael*, appeal No. 02–8086, she failed to file the opening brief. After receiving a warning letter, she filed a deficient brief. The clerk's office mailed a deficiency letter and ordered her to file a corrected brief, which she failed to do. The clerk's office then issued a show cause order, to which she failed to respond. Consequently, the Clerk's Panel struck her from appeal Nos. 02–8081 and 02–8086 and referred her to the attorney discipline program. She ignored the court's orders to mail all documents pertinent to the appeals to the attorneys appointed to replace her.

Jo Ann Fulton has been a member of the bar of this court since 1992. She has been involved in at least twelve Tenth Circuit appeals and committed violations in ten of these appeals. A chart has been prepared which details the violations, most of which occurred in direct criminal cases. Ms. Fulton has been referred to the attorney discipline program twice before. *See In re: Jo Ann Fulton*, 97–811; *In re: Jo Ann Fulton*, 02–809. The court imposed sanctions of $100 and $500, which she paid.

Within twenty days of the date of this order, Ms. Fulton shall indicate in writing how the recited facts are inaccurate and, if not, show cause why she should not be disciplined for failure to abide by the rules of this court. The clerk shall include a copy of the chart detailing historical violations with this Order to Show Cause. Notice shall be provided to attorney Jo Ann Fulton by regular and certified mail. If Ms. Fulton fails to timely respond, discipline up to disbarment may be imposed.

Entered for the Court

Patrick Fisher
Clerk of Court

By: /s/ Diane K. Watkins
Diane K. Watkins
Counsel to the Clerk

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

May 20, 2003

NOTIFICATION OF MAILING

Re:    *In re: Jo Ann Fulton*, 03-809.
       Order to Show Cause (Attorney Discipline)

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED
STATES MAIL THIS DATE, VIA FIRST CLASS AND CERTIFIED FIRST CLASS
DELIVERY, ADDRESSED AS FOLLOWS:

Ms. Jo Ann Fulton
Fulton Law Office, P.C.
P.O. Box 1267
Laramie, WY 82073

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. Jo Ann Fulton
P.O. Box 1267
Laramie WY 82073

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
MAY 2003 USPS
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7002 2410 0004 6638 5417

Form 3811, August 2001    Domestic Return Receipt

EXHIBIT 18

### 9.0 *Aggravation and Mitigation*

#### 9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

#### *Commentary*

Each disciplinary case involves unique facts and circumstances. In striving for fair disciplinary sanctions, consideration must necessarily be given to the facts pertaining to the professional misconduct and to any aggravating or mitigating factors (see Standards for Lawyer Discipline. Standard 7.1). Aggravating and mitigating circumstances generally relate to the offense at issue, matters independent of the specific offense but relevant to fitness to practice, or matters arising incident to the disciplinary proceeding.

### 9.2 *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations, or factors that may justify an increase in the degree of discipline to be imposed.

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

(a) prior disciplinary offenses;

(b) dishonest or selfish motive;

(c) a pattern of misconduct;

(d) multiple offenses;

(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g) refusal to acknowledge wrongful nature of conduct;

(h) vulnerability of victim;

(i) substantial experience in the practice of law;

(j) indifference to making restitution.

#### Commentary

Cases citing each of the factors listed above include: (a) prior disciplinary offenses: *Matter of Walton,* 251 N.W.2d 762 (N.D. 1977), *People v. Vernon,* 660 P.2d 879 (Colo. 1982); (b) dishonest or selfish motive: *In re: James H. Dineen,* SJC–535 (Maine 1980); (c) pattern of misconduct: *The Florida Bar v. Mavrides,* 442 So.2d 220 (Fla.1983); *State v. Dixon,* 233 Kan. 465, 664 P.2d 286 (1983); (d) multiple offenses: *State ex rel. Oklahoma Bar Association v. Warzya,* 624 P.2d 1068

(Okla.1981), *Ballard v. State Bar of California,* 35 Cal.3d 274, 673 P.2d 226, 197 Cal. Rptr. 556 (1983); (e) bad faith obstruction of disciplinary proceedings: *In re Brody,* 65 Ill.2d 152, 65 Ill.2d 152, 2 Ill.Dec. 331, 357 N.E.2d 498 (1976), *Committee on Prol. Ethics v. Brodsky.* 318 N.W.2d 180 (Iowa 1982); (f) lack of candor during the disciplinary process: *In re Stillo,* 68 Ill.2d 49, 68 Ill.2d 49, 11 Ill.Dec. 289, 368 N.E.2d 897 (1977), *Weir v. State Bar,* 23 Cal.3d 564, 591 P.2d 19, 152 Cal.Rptr. 921 (1979); (g) refusal to acknowledge wrongful nature of conduct; *Greenbaum v. State Bar,* 18 Cal.3d 893, 544 P.2d 921 126 Cal.Rptr. 785 (1976), *H. Parker Stanley v. Bd. of Professional Responsibility,* 640 S.W.2d 210 (Tenn.1982):(h) vulnerability of victim: *People v. Lanza,* 200 Colo. 241, 613 P.2d 337 (Colo.1980); (i) substantial experience in the practice of law; *John F. Buckley,* 2 Mass. Atty. Dis. Rpt. 24 (1980); (j) indifference to making restitution: *The Florida Bar v. Zinzell,* 387 So.2d 346 (Fla. 1980); *Bate v. State Bar of California,* 34 Cal.3d 920, 196 Cal.Rptr. 209, 671 P.2d 360. 34 Cal.3d 920, 196 Cal.Rptr. 209, 671 P.2d 360 (1983).

### 9.3 *Mitigation*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.