## In re SUSPENSION OF ATTORNEY JO ANN FULTON.

### No. Misc. 06–37.

United States District Court,
D. Wyoming.

May 26, 2006.

Charles Michael (Steve) Aron, Aron & Hennig, Laramie, WY, for Jo Ann Fulton.

Rebecca Lewis, Cheyenne, WY, Pro se.

### *ORDER*

DOWNES, District Judge.

This matter comes before the Court on Responses by Ms. Fulton and the Wyoming State Bar to the Court's April 21, 2006, Order to Show Cause. The Court, having carefully considered the material submitted in the case, and being otherwise fully advised in the premises, FINDS and ORDERS as follows:

### Background

The basic facts of the case have been extensively discussed in the materials submitted in this case, and it is not this Court's role to act as a fact finder. U.S.D.C.L.R. 83.12.5(d). However, because of the serious nature of this action, the Court will, once more, recite the facts upon which the Court relies in coming to its conclusions.

Ms. Fulton was admitted to the Bar of the State of Wyoming and to the Bar of this Court in 1990, and was admitted to the Bar of the United States Court of Appeals for the Tenth Circuit in 1992. On April 7, 1997, the Tenth Circuit issued an Order which stated that Ms. Fulton had twice filed untimely briefs without moving for extensions of time, and she had failed to respond at all to an earlier order to show cause. (April 7, 1997 Order, 97–811). The Tenth Circuit warned that future transgressions might subject Ms. Fulton to more serious disciplinary action.

Between February 11, 2002, and August 8, 2002, the Tenth Circuit issued a series of Orders which attempted to correct numerous deficient filings in three separate appeals. (June 7, 2002 Order, 02–809). The result was a $500.00 sanction which was due June 27, 2002. Ms. Fulton failed to make timely payment, and the Court issued another show cause order. The Court accepted her late payment but admonished that future violations could result in suspension or disbarment. (August 8, 2002 Order, 02–809).

Meanwhile, on June 3, 2002, the Wyoming Board of Professional Responsibility issued an Order Imposing Private Reprimand pursuant to a stipulation between bar counsel and Ms. Fulton. (Order Imposing Private Reprimand, 2002–04). The Board found that Ms. Fulton violated the Wyoming Rules of Professional Conduct by pursuing a claim "past the point at which the claim was meritorious." (*Id.* at 2); W.R.P.C. 3.1, 4.4.

On May 20, 2003, the Tenth Circuit again issued an order to show cause after Ms. Fulton failed to file opening briefs in two appeals, failed to respond to a show cause order in one case, and filed a deficient brief in the other. (May 20, 2003, Order, 02–809 at 2). In its July 23, 2003, Order, the Tenth Circuit found that Ms. Fulton's response to the show cause order was inadequate, and the court suspended her from practice before the Tenth Circuit for one year. The court also removed her from the CJA panel. (July 23, 2003, Order 03–809 at 2). As a result of the discipline in the Tenth Circuit, the Wyoming Supreme Court issued an Order of Public Reprimand. *Board of Professional Responsibility v. Jo Ann Fulton,* D–03–15, January 6, 2004.

Despite these numerous attempts to alert Ms. Fulton to the dangers of her conduct, the Wyoming Board of Professional Responsibility received two new complaints in the Fall of 2005. The Report and Recommendation issued by the Board of Professional Responsibility on March 15, 2006, describes in painful detail, an astonishing record of previously unaddressed derelict conduct which culminated in the Wyoming Supreme Court's Order of Suspension. *Board of Professional Responsibility v. Jo Ann Fulton,* 2006 WY 51, 133 P.3d 514. The Wyoming Supreme Court suspended Ms. Fulton from practice for three years. As a result, this Court must now determine whether she should be suspended from the Bar of this Court as well.

### Discussion

Our Local Rules require an attorney who has been subjected to public discipline by another court to promptly notify the Clerk of this Court of such action. U.S.D.C.L.R. 83.12.5(a). The Court notes

in passing that Ms. Fulton did not comply with this rule. The Court must then issue an order to show cause, and after thirty days, the Court must impose identical discipline. 83.12.5(b)(2) and (d). To avoid the imposition of identical discipline, the attorney must show one of four things: a deprivation of due process, an infirmity of proof, a grave injustice, or that the misconduct warrants substantially different discipline. 83.12.5(d)(1)-(4).[1]

## A. Rule 15, Due Process, and Jurisdiction

█ Here, Ms. Fulton has attempted to cast a pall over the proceedings before the Board of Professional Responsibility and the Wyoming Supreme Court by arguing that one of the complaints filed against her was invalid, and as a result, the Board of Professional Conduct lacked jurisdiction to render its report, and this infirmity rendered the Wyoming Supreme Court's order void. The Court has carefully reviewed the procedures used by the Board of Professional Responsibility to adjudicate this issue.

The Court finds Respondent's due process argument tenuous at best and disingenuous at worst. In the first place, the one case Respondent cites to bolster her position regarding the amended complaint is inapposite. *Nelson v. Adams USA, Inc.* 529 U.S. 460, 465, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000). In that civil case, "judgment was entered against [the defendant] the moment permission to amend the pleadings was granted." *Id.* Furthermore, there was no question in that case that

Rule 15 applied. Here, the Board of Professional Responsibility determined that Wyoming Rule of Civil Procedure 15 could not apply because it conflicted with the Disciplinary Code. Wyo. Disc.Code § 11(n).

Secondly, the report and recommendation fully discusses the procedures used by the Board of Professional Responsibility and the leniency with which the Board treated Respondent's request for additional time. (Report and Rec. at 1–2). Based on the numerous disciplinary actions chronicled above, Ms. Fulton was clearly aware that there could be repercussions if she failed to timely file an answer to the complaints or respond to the notices of imminent default. Nevertheless, the Board of Professional Responsibility allowed Ms. Fulton additional time to file a motion to set aside the Defaults. That motion was also filed four days late. Again, however, the Board of Professional Responsibility extended more process than was due to Respondent. The Board considered the motion despite its untimeliness.

## B. Grave Injustice

█ Ms. Fulton next argues that imposition of identical discipline would be a grave injustice, because she contends there was no default. To prove this point she has, in her usual fashion, attached a photocopy of an envelope purporting to show that she mailed her answer appropriately. The Court declines to entertain such a specious argument. Ms. Fulton is well

---

1. Because membership in the Bar of the State of Wyoming is a prerequisite to membership in the Bar of the Court, the Court cannot see how it could allow Respondent to practice before it even if one of the four elements were met. Because the Rule contemplates discipline in any other court, there might be some circumstances in which in imposition of identical discipline would not be appropriate, if for example, an attorney were suspended from practice in Montana, but retained her Wyoming license. In cases where the suspension comes from the Wyoming Supreme Court, this Court simply has no authority to vary that discipline. Membership in the Bar of this Court is absolutely conditioned upon membership in the Bar of the State of Wyoming.

aware that no document is received by a judicial body until it is filed. This Court has received enough of Ms. Fulton's photocopied envelopes to be highly suspicious of their authenticity.[2]

Respondent next contends that she was never provided with evidence against her. If this allegation were true, it would indeed be a grave injustice. However, Ms. Fulton is not a lay person. She understands that, in some cases, discovery must be requested to be received. In the matters before the Board of Professional Responsibility, she never made any discovery requests. Wyo. Disc.Code § 11(n). She never asked for a copy of the audio tape with which she now takes issue. Furthermore, at the hearing before the Board of Professional Responsibility, she stipulated to the admissibility of the audio tape.

### Conclusion

The Report and Recommendation of the Board of Professional Responsibility to the Supreme Court provides a detailed factual basis to support the Supreme Court's Order of Suspension. Ms. Fulton's tortured history as a member of the State and Federal Bars of Wyoming is an astonishing record of utter dereliction of duty. The Court finds that, given Ms. Fulton's history, the Wyoming Supreme Court's suspension order was lenient. The documentary evidence alone demonstrates a course of conduct so egregious that, had the Supreme Curt ruled that Ms. Fulton should be disbarred, such a ruling would be unassailable. Respondent is manifestly unfit to practice in this Court.

The Court suspects that Ms. Fulton may struggle with some underlying issues that make it more difficult to meet the standards necessary to practice law, and the Court is sympathetic to those challenges.

Nevertheless, in her present condition, allowing her to continue to practice presents a grave risk to the public. A law license in her hands is a tool for inflicting incalculable harm on innocent lay persons.

THEREFORE, it is hereby **ORDERED** that Jo Ann Fulton shall be suspended from the practice of law in the District of Wyoming for a period of three (3) years from the date of this order.

---

**2.** While it used to be easier to fabricate the details about when a document was mailed, in this day in age, faxes are time stamped and UPS and USPS packages can be electronically tracked. Given these more reliable methods, Ms. Fulton's photocopied envelopes seem brazen and bizarre.